**John Edward BALL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55334.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Gingeree E. Williamson, Asst. Public Defender, Clayton, for appellant

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Following a jury trial, movant was convicted of robbery first degree § 569.020, RSMo 1978, and sentenced by the court to twenty-seven years' imprisonment. The conviction and sentence were affirmed in *State v. Ball*, 622 S.W.2d 285 (Mo.App. 1981).

Movant does not appeal the denial on the merits of his pro se motion. Instead, movant asserts the denials as untimely of his motion to extend time to file an amended motion and his motion requesting an evidentiary hearing were error.

Movant filed his pro se Rule 29.15 motion to vacate on April 4, 1988. On April 15, 1988, the court appointed the public defender to represent movant. The State entered its appearance on April 27, 1988, and movant's appointed public defender entered her appearance on May 5, 1988. On May 17, 1988, the case was set for pre-trial conference on June 9.

On June 9, 1988, movant's counsel filed a motion requesting an evidentiary hearing. The court denied this motion as untimely filed pursuant to Rule 29.15(g). The court ordered it could consider the allegations without an evidentiary hearing, instead relying on the transcript and file from the underlying trial and movant's motion. Following this order, movant's counsel submitted a motion requesting an extension of time to file an amended motion. The court denied this request as filed out of time and subsequent to its order denying an evidentiary hearing. The court issued its findings of fact and conclusions of law denying movant's Rule 29.15 motion on July 15, 1988.

Movant contends his motion requesting an extension of time to file an amended motion and his motion requesting an evidentiary hearing were timely filed because they were filed within thirty (30) days of the designation and appearance of the individual public defender appointed to represent him.

Rule 29.15(f) provides in pertinent part that "[a]ny amended motion ... shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days...." Rule 29.15(g) states in pertinent part: "[a] request for a hearing shall be made by motion on or before the date an amended motion is required to be filed ... If no request for hearing is timely filed ... a hearing shall not be held...."

The time period to file an amended motion began with the appointment of the public defender as movant's counsel on April 15; there is no indication within the rule that the time period to file an amended motion should not begin until the individual attorney is designated by the public defender's office. Computing the time period in accordance with Rule 44.01(a), the thirty-day period for movant's counsel to file an amended motion or a request for an evidentiary hearing ended on May 16, 1988. The language of the time limits of Rule 29.15(f) and (g) are mandatory, and movant's failure to comply with these time limits proper-

ly resulted in the denial of his requests. Rule 29.15(f) and (g); *Day v. State,* 770 S.W.2d 692, 696 (Mo.banc 1989).

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.