**Jeffrey Allen PARTRIDGE, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 46417.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J. and
BRECKENRIDGE and HANNA, JJ.

PER CURIAM.

Jeffrey Allen Partridge appeals the court's order sustaining the State's motion for summary judgment of appellant's Rule 24.035 motion for post-conviction relief. The appeal is dismissed because the appellant's motion was not timely filed.

On February 23, 1990, Mr. Partridge pleaded guilty to three counts of stealing over $150. In April 1990, he was sentenced to consecutive prison terms of three years each, and was sentenced under the provisions of § 217.775.2, RSMo Supp.1989 (Repealed).[1] He was ordered to submit himself to the Nodaway County sheriff at 5:00 p.m. on April 11, 1990, for transportation to Missouri Division of Corrections.

The appellant claims the trial court erred by denying his Rule 24.035 motion without a hearing because his counsel was ineffective for failing to investigate the value of the vending machines that he was charged with stealing. The state responded to this contention. Neither party addressed the dispositive issue, which is the untimely filing of the *pro se* motion.

The appellant was sentenced to the department of corrections pursuant to § 217.-775.2 on April 9, 1990. After Mr. Partridge had served 120 days of his sentence, the trial court granted him probation under § 217.775.2. However, in September 1991,

---

**1.** Section 217.775.2, RSMo Supp.1989 (Repealed), authorized the circuit court to grant probation to a defendant anytime up to 120 days after his delivery to custody. Similar provisions are now found in § 559.115.2, RSMo Supp.1990.

his probation was revoked, and he was recommitted to the department of corrections. Mr. Partridge filed his pro se Rule 24.035 motion in December 1991.

 Under Rule 24.035(b), a movant must file his motion within ninety days after his delivery to custody. Failure to comply with the time provisions constitutes a complete waiver of any right to proceed under Rule 24.035. The time limitations imposed by Rule 24.035 begin to run when a person under sentence is delivered, physically, into the department of corrections. *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991). A movant's initial delivery to custody starts the running of the limitation period even if he is later granted probation. *See Drewel v. State*, 835 S.W.2d 401, 402 (Mo.App.1992).

Here, Mr. Partridge, who was delivered to custody in April 1990, filed his Rule 24.035 motion in December 1991. He failed to comply with the time provisions of Rule 24.035(b) by not filing within ninety days after his initial delivery to custody. By his untimely filing, Mr. Partridge waived the right to proceed under Rule 24.035.

The trial court improvidently entertained the merits of Mr. Partridge's Rule 24.035 motion, which should have been dismissed for untimely filing. *Suman v. State*, 783 S.W.2d 525, 526 (Mo.App.1990). The appeal is therefore dismissed.