Michael STEGMAIER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46937.

Missouri Court of Appeals,
Western District.

Oct. 19, 1993.

Jacqueline K. McGreevy, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

BERREY, Judge.

Appellant herein pled guilty to four counts of assault in the first degree, and ethnic intimidation in the first degree. He was sentenced to five years imprisonment on each of the assault counts and three years on the count of ethnic intimidation. The sentences were to run consecutively to each other.

Appellant filed his 24.035 motion pro se on March 9, 1992. The court on April 14, 1992, resentenced appellant on three counts of assault in the first degree by suspending the sentences. The court did not suspend the sentences to the other count of assault in the first degree or ethnic intimidation. Subsequently, appellant filed a pro se motion under Rule 24.035 to vacate and correct the sentences imposed on the remaining counts to wit, assault in the first degree and ethnic intimidation. Subsequently appellant's attorney entered her appearance and requested an extension of time to file a first amended motion. The court denied this, finding the motion 24.035 to be a successive motion and denied it without an evidentiary hearing.

Pursuant to application for extension of time and the issuance of a subsequent order by this court, an appeal was granted out of time. Appellant raises two points on appeal: 1) the motion court erred in overruling appellant's July 10, 1992, pro se motion as successive because it was timely filed pursuant to Rule 24.035 in that it alleged grounds challenging the judgment and sentence and 2) that his counsel was ineffective because movant was not advised that the ethnic intimidation count could be challenged under the doctrine of free speech.

■ In Point I appellant's contention is that his 24.035 motion filed July 10, 1992, bearing Jackson County Circuit Court No. CV92–15840 was timely filed, since it challenges the judgment and sentence of April 14, 1992.

The appellant was delivered to the Department of Corrections on December 12, 1991 under sentences imposed in Jackson County case No. CR91–0516, and on March 9, 1992, he filed his first pro se 24.035 motion, bearing Circuit Court of Jackson County Missouri No. CV92–5591.

The trial court ordered a hearing pursuant to § 559.115 RSMo 1992 to determine if "shock time" probation would be appropriate. The court ordered appellant returned to Jackson County, Missouri department of correction to attend the hearing. The court entered an order for writ of habeas corpus ad testificandum on March 19, 1992, and noticed up the motion for April 10, 1992. On April 6 the trial court issued a notice of release under § 559.115. The release date being considered by the court was April 10, 1992. On April 9, 1992, an objection to release and request for hearing was filed by the state. On April 10, 1992 appellant filed his motion to modify the sentence and place him on probation. Following the hearing on April 10, 1992, the court ruled that the execution of appellant's sentence on Counts I, III and V, imposed on December 12, 1991, be suspended, and placed the appellant on supervised probation for a term of five years. The court expressly stated that its sentence of five years on Count VII for assault and three years on Count IX ethnic intimidation were not to be affected by the trial court's order of April 10, 1992. The court did not suspend execution on Counts VII and IX.

On May 13, 1992, the appellant voluntarily dismissed his original 24.035 motion bearing Jackson County Circuit Court No. CV92–5591. The dismissal stated in part "That after having conferred with counsel and reviewing the evidence, defendant desires to voluntarily dismiss his cause of action. Defendant is fully advised that he will in effect forever waive his right to pursue a claim under Rule 24.035." The same attorney who filed the dismissal then entered her appearance for appellant on August 13, 1991 on the subsequent 24.035 pro se motion filed by appellant, appellant's motion attorney requested an extension of time to file an amended 24.035 motion and on August 25, 1991, the trial court entered its order denying the "Motion to vacate, set aside or correct the judgment or sentence filed by movant 7–10–92."

Rule 24.035(b) provides that the movant shall file his motion for relief within ninety days after he is delivered into custody of the department of corrections. Failure to timely file the 24.035 motion constitutes a complete waiver of any right to proceed thereunder. Rule 24.035(k) provides "The circuit court shall not entertain successive motions."

■■■ Appellant claims that the motion court clearly erred in its order overruling appellant's 24.035 motion because it was timely filed. The remedies of 24.035 exist only within the limits contained in the Rule. *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989). When a party contests the motion court's findings it has the burden of establishing the motion court's actions were clearly erroneous. *Lestourgeon v. State*, 837 S.W.2d 588, 590 (Mo.App.1992). Findings are only clearly erroneous after a review of the entire record leaves the appellate court with a definite and firm impression the motion court has erred. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). In the instant case, appellant had been delivered to the department of corrections on the same convictions challenged in the motion on December 12, 1992.

Appellant acknowledges in his first 24.035 motion that he was delivered to the department of corrections on December 12, 1991. His subsequent motion 24.035 filed July 10, 1992 again acknowledges his delivery to the department of corrections was December 12, 1991. On appeal he claims he was delivered to the department of corrections on April 15, 1992. This is after the first hearing at which the appellant was granted a suspended execution of sentence and placed on probation for five years on counts I, III, and V. The court specifically did not grant movant relief as to counts VII and IX.

■■■ Appellant's contention that his delivery to the department of corrections should begin on April 15, 1992 is without support and a mere conclusion of movant. Under Rule 24.035(b) a movant must file his motion within ninety days after his delivery

to custody. The time limitations begin to run when a person under sentence is physically delivered to the department of corrections. *Thomas v. State,* 808 S.W.2d 364, 365 (Mo. banc 1991). The initial delivery of the movant to the department of corrections starts the running of the limitation period, even if movant is later granted probation. *Partridge v. State,* 848 S.W.2d 550, 551 (Mo. App.1993).

Here, movant filed and then voluntarily dismissed his Rule 24.035 motion. Movant's time began running on December 12, 1991, not on the subsequent dates of either April 10, 1992 when he attended a hearing or April 15, 1992, when returned to custody of the department of corrections. The motion court did not err in dismissing movant's subsequent 24.035 motion. Movant's point I is denied.

■ Under point II, movant alleges ineffective assistance of counsel because plea counsel did not inform him he would not receive four months jail time credit prior to being re-sentenced. Further, that his plea counsel failed to advise movant that Count IX could be challenged under the United States Constitution and that the conviction of appellant under Count IX violated movant's right to free speech.

■ Our review of a post conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Thurlo v. State,* 841 S.W.2d 770 (Mo.App.1992). Such a conclusion is clearly erroneous only if a complete review of the record leaves the appellate court with a definite impression a mistake has been made. *Tipton v. State,* 838 S.W.2d 138 (Mo.App.1992). Rule 24.035 requires a movant to include every ground known to him to vacate set aside or correct the judgment or sentence. It also provides that the movant shall verify the judgment, "declaring that he has listed all grounds for relief known to him ... and waives any ground for relief known to him and not listed in the motion." Movant's claim that he lacked legal knowledge is not a "cognizable excuse for not raising an ostensibly new ground in a prior motion for post conviction relief." *Pinson v. State,* 784 S.W.2d 846 (Mo.App.1990).

■ Successive post conviction motions are not permitted. Rule 24.035(k) is specific. It expressly prohibits successive motions and reads as follows, "The Circuit court shall not entertain successive motions." This language is unqualified. *Jackson v. State,* 772 S.W.2d 779, 781 (Mo.App.1989). The appellant dismissed his first Rule 24.035 motion voluntarily and acknowledged therein that he was fully advised that "he will in effect forever waive his right to pursue a claim under Rule 24.035." On January 1, 1988, Rule 27.26 was repealed and replaced by Rules 24.035 and 29.15. "These new rules expressly prohibit all successive motions." *Swenson v. State,* 772 S.W.2d 673, 674 (Mo.App.1989).

It is firmly established that an ineffectiveness of counsel claim is only viable regarding the voluntariness of movant's plea of guilty. *Jones v. State,* 820 S.W.2d 729, 730 (Mo.App. 1991). Nothing herein is offered by movant to establish his plea was involuntary.

■ The subsequent motion is clearly successive and the motion court did not err in denying it. The motion court granted appellant suspended execution of sentences as to Counts I, III and V. The movant complains that plea counsel failed to inform him that he would not be given credit for four months served on Count VII, the first of the two remaining counts. He was originally sentenced on Count I, III, V, VII, and IX. They were to run consecutively. Upon entry into the department of corrections he began serving his time on Count I. Therefore, there is no reason he should have assumed he would be given credit for the time already served. The motion court subsequently placed him on probation after "shock therapy" on Counts I, III, and V. Further, the movant has cited no authority for the position cited. This argument does not comply with Rule 84.04(d).

■ Appellant argues in Point II subpart (c) his conviction of ethnic intimidation in the first degree violated his first amendment right to free speech. Appellant cites *R.A.V. v. City of St. Paul, Minnesota,* 505 U.S. ——, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992), a case

decided eight months after he pled guilty to the charge.

We find this argument has no merit. In addition to the previous finding that appellant's pro se motion was clearly successive, we believe *R.A.V.* is not relevant to this case.

One is guilty of the crime of ethnic intimidation, RSMo § 574.090 (1988), if by reason of any motive relating to race he commits the crime of property damage in the first degree. Appellant testified he knowingly damaged a four door 1986 Mercury Sable by reason of a motive related to the race of the people in the car.

Appellant's first amendment right to free speech was not violated. There is no free speech involved when one damages another's property with a race related motive. Appellant is not guilty of ethnic intimidation because he used racial slurs while committing his crime. Appellant is guilty of ethnic intimidation because he destroyed another's property with a race related motive.

Appellant's point II is denied.

Judgment affirmed.

All concur.