Kyle SEWARD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47894.

Missouri Court of Appeals,
Western District.

Dec. 14, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1994.

Application to Transfer Denied
March 22, 1994.

Patricia A. Richter, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and
BRECKENRIDGE and SMART, JJ.

PER CURIAM:

Kyle Seward, defendant, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Defendant pleaded guilty to the class B felony of assault of a law enforcement officer in the second degree. Section 565.082, RSMo Cum.Supp.1992. Pursuant to the plea agreement, a five-year sentence was imposed to run concurrently with a prior sentence.

On appeal, the state argues for the first time that it was error for the motion court to consider the merits of defendant's motion because he filed the motion out of time.[1] This court agrees.

 A Rule 24.035 motion must be filed within ninety days "after the movant is delivered to the custody of the department of corrections." Rule 24.035(b). Failure to timely comply with the filing requirements of Rule 24.035 constitutes a complete waiver of any right to proceed under the Rule. *Suman v. State*, 783 S.W.2d 525, 526 (Mo.App. 1990). The time limits established by Rule 24.035 are constitutional and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

 Seward was delivered to the department of corrections on June 19, 1992. He filed his Rule 24.035 motion on September 21, 1992. Therefore, Seward's motion is time barred and the motion court improvidently entertained the merits of his motion, which should have been dismissed. *Suman*, 783 S.W.2d at 526.

In his reply brief, Seward asserts that his motion should be deemed to be filed on September 16, 1992. He cites *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), for the proposition that his motion was filed when turned over to the prison authorities for mailing. Seward also claims that the "absolute deadline of Rule 24.035(b) denies [him] due process of law." This court has already ruled against both arguments. *Vollmer v. State*, 775 S.W.2d 230, 231 (Mo. App.1989).

 Finally, Seward requests this court to find that "Missouri Supreme Court Rule 24.-035 violates the prohibition against the suspension of the privilege of the writ of habeas corpus, as guaranteed by Article I, Section 9, Clause 2 of the United States and Article I, Section 12 of the Missouri Constitutions." Rule 24.035 does not operate as an unconstitutional suspension of the writ of habeas corpus. *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989); *Johnson v. State*, 818 S.W.2d 656, 657 (Mo.App.1991).

Thus, the motion court's judgment denying defendant's motion is vacated and the case is remanded for dismissal of the motion under Rule 24.035.

---

1. The state may raise this issue for the first time on appeal. *Jones v. State*, 1993 WL 402906, No. 47039, slip op. at 4, (Mo.App. Oct. 12, 1993).

*See also State v. Smith*, 849 S.W.2d 630, 631 (Mo.App.1993).