James Lyle McFARLAND, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 48736.

Missouri Court of Appeals,
Western District.

May 24, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.

## PER CURIAM:

The defendant James Lyle McFarland appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. On November 20, 1991, defendant plead guilty to driving while intoxicated, § 577.010, RSMo 1986, a class D felony. Pursuant to the plea agreement, he was sentenced as a prior offender to five years imprisonment under the 120 day call-back rule, § 559.115, RSMo Supp.1993, because the court intended to place the defendant on probation if he successfully completed a Missouri Department of Correction's treatment program. After the successful completion of the treatment program, the defendant was placed on probation for a period of three years.

Subsequently, on April 22, 1993, the court revoked his probation and executed the previously imposed five-year sentence. Thereafter, on May 17, 1993, McFarland filed a pro se Rule 24.035 motion. On August 12, 1993, McFarland filed an amended Rule 24.035 motion through counsel. On October 25, 1993, the trial court issued its Findings of Fact and Conclusions of Law acknowledging the mo-

tion as untimely filed, and denying the claim on the merits.

In his only point, defendant claims that the trial court erred in denying his "Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny [defendant] his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the rule makes no provision for the late filing of a post-conviction motion for good cause shown."[1] McFarland admits that his Rule 24.035 motion was not timely filed. He appeals for the purpose of preserving this argument in "the event that a federal court renders a decision contrary to that of the Missouri Supreme Court in *Day.*"

■ A Rule 24.035 motion must be filed within ninety days after the defendant is delivered to the custody of the department of corrections. Rule 24.035(b). The time limits of Rule 24.035 begin to run when a defendant is physically delivered to the custody of the Department of Corrections. *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991). A defendant's initial delivery to custody starts the running of the limitation period even if he is later granted probation. *Partridge v. State*, 848 S.W.2d 550, 551 (Mo.App. 1993). The time limits are constitutional and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to timely comply with the filing requirements of Rule 24.035 constitutes a complete waiver of any right to proceed under the Rule. *Wilson v. State*, 818 S.W.2d 723, 725 (Mo.App.1991).

■ The trial court noted in its findings and conclusions that because defendant filed his motion more than ninety days after he was physically delivered into custody, that the motion not timely filed and should be dismissed. However, the court ultimately denied the motion on its merits. Technically,

---

1. The record does not state the precise date that McFarland was "delivered into custody of the department of corrections." Whatever the exact date of physical delivery to the Missouri Depart-

ment of Corrections, the record is clear that it was on or about December 13, 1991, at which time he was ordered delivered to MDC pursuant to § 559.115, RSMo Supp.1993.

in accordance with *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991), the court should have dismissed the motion without considering the allegations it contained. Therefore, the judgment denying defendant's motion is vacated and the case is remanded to the trial court for dismissal of the motion under Rule 24.035.

All concur.