Derrick APPLEWHITE, Appellant,

v.

STATE of Missouri, Respondent.

No. 20344.

Missouri Court of Appeals, Southern District, Division Two.

April 3, 1996.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant sought post-conviction relief under Rule 24.035.[1] The motion court held the grounds for relief pled by Appellant were refuted by the files and records; consequently, the motion court entered judgment denying relief without an evidentiary hearing. Appellant brings this appeal, maintaining the motion court erred in that Appellant pled facts which, if proven, would warrant relief and which are unrefuted by the record.

As explained hereunder, Appellant's motion for post-conviction relief was time barred by Rule 24.035(b), hence the motion court should have dismissed this action for that reason.

■ The record demonstrates Appellant pled guilty to a felony October 13, 1994. On November 10, 1994, following a presentence investigation, the plea court sentenced Appellant to ten years' imprisonment. At that time, Appellant was on probation for a felony to which he had pled guilty in 1992. Simultaneously with imposition of the ten-year sentence, the plea court revoked Appellant's probation in the earlier case and ordered execution of the sentence in that case (two years' imprisonment). The two sentences were ordered to run concurrently.

On February 17, 1995, Appellant commenced the instant action by filing a pro se motion in the motion court.[2] Although the face of the motion ostensibly indicates Appellant is seeking post-conviction relief in both cases, the allegations appear to concern only the case in which Appellant received the ten-year sentence.

The first page of the motion shows Appellant was delivered to the custody of the Department of Corrections November 16, 1994, to serve the challenged sentences.[3]

Rule 24.035(b)[4] reads, in pertinent part:

"... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

By our arithmetic, February 17, 1995, was the ninety-third day after Appellant was delivered to the custody of the Department of Corrections. Consequently, his pro se motion was filed after the deadline established by Rule 24.035(b).[5]

■ A case virtually identical to the instant case is *Seward v. State*, 871 S.W.2d 16 (Mo.App.W.D.1993). There, a prisoner sought post-conviction relief under Rule 24.035 after pleading guilty to a felony and receiving a prison sentence. He filed his pro se motion on the ninety-fourth day after delivery to the Department of Corrections. *Id.* at 17.

Like the instant case, no one in *Seward* raised the timeliness issue in the motion court. Also like the instant case, the motion court in *Seward* denied relief on the merits without an evidentiary hearing. On appeal by the prisoner, the State argued in *Seward* that the motion court erred by considering the merits when the motion was filed after the deadline of Rule 24.035(b). *Id.* The appellate court agreed, holding:

Rule 24.035 was amended effective January 1, 1996. Paragraph "(m)" of the new version provides that if—as here—sentence is pronounced prior to January 1, 1996, post-conviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Consequently, the version of Rule 24.035 in effect in 1995 applies here.

---

1. Rule references are to Missouri Rules of Court (1995).

2. The circuit clerk stamped the motion "FILED FEB 17 1994." We infer someone neglected to change the year on the stamping device to 1995. The docket sheet shows the motion was filed "2 17 95," and an amended motion filed for Appellant by appointed counsel confirms the pro se motion was filed February 17, 1995.

3. The date is shown as "11–16–94" in part 4B of the motion (Criminal Procedure Form No. 40, Missouri Rules of Court (1995), pp. 194–96).

4. As pointed out in footnote 1, *supra*, rule references are to Missouri Rules of Court (1995).

5. The ninetieth day, February 14, 1995, was not a Saturday, Sunday, or legal holiday, thus Appellant cannot argue that Rule 20.01(a) or Rule 44.01(a) extended the deadline past that date.

"[The] motion is time barred and the motion court improvidently entertained the merits of [the] motion, which should have been dismissed."

*Id.* at 17[2]. The appellate court vacated the motion court's judgment and remanded the case to the motion court with a directive to dismiss the motion.

The only difference between *Seward* and the instant case is that here, the State has still not raised the timeliness issue. We hold that does not bar us from raising it *sua sponte.* In so holding, we rely on *Phillips v. State,* 902 S.W.2d 318 (Mo.App.S.D.1995).

In *Phillips,* a prisoner filed a timely pro se motion under Rule 24.035. Appointed counsel filed an amended motion after the deadline established by Rule 24.035(f). The motion court denied relief without an evidentiary hearing. On appeal by the prisoner, this court, *sua sponte,* held the amended motion was untimely, hence the grounds for relief pled in it were time barred and procedurally waived. *Id.* at 320–21. Thus, the only viable issues for appellate review were those based on the pro se motion. *Id.* at 321.

The only difference between *Phillips* and the instant case is that in *Phillips,* the amended motion was untimely, while here the pro se motion was untimely. Having held *sua sponte* in *Phillips* that the amended motion was untimely, we see no reason to refrain from holding *sua sponte* in the instant case that the pro se motion was untimely.

The judgment of the motion court denying relief on the merits in the instant case is vacated, and the case is remanded to the motion court with a directive to dismiss it.

SHRUM, C.J., and PARRISH, J., concur.