**John R. PHILLIPS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 20718.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1996.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On October 4, 1994, Appellant pled guilty to a felony and was sentenced to fifteen years' imprisonment. On June 21, 1995, he filed a "Motion for Sentence Reduction" in the trial court. He subsequently filed a motion to amend it.

We deduce from the record that the trial court treated those filings as a proceeding under Rule 24.035.[1] The trial court found it did not have "jurisdiction" to allow Appellant to proceed. Despite finding it lacked jurisdiction, the trial court overruled Appellant's motion of June 21, 1995.

■ Appellant brings this appeal. His sole point relied on is:

"The motion court clearly erred in dismissing [sic] Appellant's Rule 24.035 motion as untimely filed, because the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny Appellant his right to due process of law as guaranteed by the [United States and Missouri constitutions] in that the rule makes no provision for the

---

1. Rule 24.035 was amended effective January 1, 1996. Paragraph "(m)" of the new version provides that if sentence is pronounced prior to January 1, 1996, post-conviction relief shall continue to be governed by the provisions of Rule

24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Consequently, the version of Rule 24.035 in Missouri Rules of Court (1995) governs this proceeding.

late filing of a postconviction motion for good cause shown. Appellant was prejudiced in that he was denied review of the merits of his 24.035 motion."

Rule 24.035(b), attacked in Appellant's point relied on, reads, in pertinent part:

" ... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

Although we find nothing in the record revealing the date Appellant was delivered to the custody of the department of corrections, his point relied on concedes his motion of June 21, 1995, was filed after the deadline fixed by Rule 24.035(b).

Appellant acknowledges the Supreme Court of Missouri has, in the past, rejected constitutional challenges to Rule 24.035(b) identical to the one asserted by him. However, he tells us he raises the issue "for the purpose of preservation, in the event that a federal court renders a decision contrary to that of the Missouri Supreme Court."

■ On that subject, we note that neither Appellant's motion of June 21, 1995, nor any other document in the record on appeal indicates he challenged the constitutionality of Rule 24.035(b) in the trial court.[2] To preserve a constitutional claim for appellate review, the claim must be made at the first opportunity, with citation to specific constitutional sections. *State v. Parker*, 886 S.W.2d 908, 925[59] (Mo. banc 1994), *cert. denied*, — U.S. —, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995).

The State does not contend Appellant failed to preserve the constitutional attack on Rule 24.035(b). We shall therefore assume, without deciding, that he did. A federal court, on a more complete record than the one handed us, may conclude otherwise.

In *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied, sub nom.*

*Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), the Supreme Court of Missouri held the time limitation in Rule 24.035(b) is constitutional and mandatory. We are constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *State v. Simpson*, 813 S.W.2d 323, 323[2] (Mo.App. S.D.1991), *cert. denied*, 502 U.S. 1109, 112 S.Ct. 1209–10, 117 L.Ed.2d 448 (1992). We therefore deny Appellant's claim of error.

■ Because Appellant's motion of June 21, 1995, was filed after expiration of the deadline established by Rule 24.035(b), the grounds for relief pled in it were time barred and procedurally waived. *Phillips v. State*, 902 S.W.2d 318, 320[1] (Mo.App. S.D.1995). Consequently, instead of overruling Appellant's motion, the trial court should have dismissed it as untimely. *Seward v. State*, 871 S.W.2d 16, 17[2] (Mo.App. W.D.1993).

The order of the trial court overruling Appellant's motion is vacated, and the case is remanded to the trial court with a directive to dismiss it. *Applewhite v. State*, 919 S.W.2d 283, 285 (Mo.App. S.D.1996).

SHRUM, C.J., and PARRISH, J., concur.

---

**2.** The trial court's docket sheet shows a "Motion To Allow Movant To Proceed With Postconviction Motion Despite Untimely Filing Of Pro Se Motion" was filed September 8, 1995. We find no copy of that motion in the record on appeal, so we do not know whether it attacked Rule 24.035(b) on constitutional grounds.