John Paul **BRADLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 20841.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 1996.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

BARNEY, Presiding Judge.

John Paul Bradley (Movant) appeals the denial of his Rule 24.035 [1] motion without an evidentiary hearing. Movant claims that his plea was not entered intelligently and voluntarily as the State failed to establish a factual basis for the plea as required by Rule 24.02(e).

The record demonstrates that Movant was originally charged with first degree murder, § 565.020.1,[2] and armed criminal action, § 571.015. The information was subsequently amended to charge Movant with second degree murder, § 565.021.1 and the armed criminal action charge was dismissed. Movant pled guilty to second degree murder and was sentenced to life imprisonment.

Movant asserts the State failed to establish a factual basis for his guilty plea and, therefore, his plea was involuntary. However, we do not reach the merits of this assertion as Movant's Rule 24.035 motion was untimely.

The motion court's findings of fact stated that Movant's motion was untimely. However, the court ultimately denied the motion on its merits. Rule 24.035(b) states, in pertinent part:

The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.

The time limitations contained in Rule 24.035 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Phillips v. State,* 924 S.W.2d 318, 319 (Mo.App.1996).

The record further shows that Movant was delivered to the Missouri Department of Corrections on July 29, 1995. His motion was filed October 30, 1995, 93 days [3] after he was delivered to the custody of the Department of Corrections. As such, his motion was untimely and Movant waived any right to proceed under Rule 24.035. The motion court erred in considering the merits when the motion was filed after the 90 day deadline. The court should have dismissed the motion as untimely without considering the allegations it contained. *Phillips,* 924 S.W.2d at 319; *McFarland v. State,* 876 S.W.2d 48, 50 (Mo.App.1994).

The judgment of the motion court denying relief on the merits in the instant case is vacated, and the case is remanded to the motion court with a directive to dismiss it. *See Phillips,* 924 S.W.2d at 319; *Applewhite,* 919 S.W.2d at 285.

GARRISON and PREWITT, JJ., concur.

1. Rule 24.035 was amended effective January 1, 1996. Paragraph (m) of the new version provides that if sentence is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Movant was sentenced on July 25, 1995. Therefore, the version of Rule 24.035 in Missouri Rules of Criminal Procedure (1995) governs this proceeding.

2. All statutory references are to RSMo 1994.

3. The motion court found that the motion was filed 92 days after Movant's delivery to the Department of Corrections. However, our computation in adherence to Rule 44.01(a), Missouri Rules of Civil Procedure (1995), reveals that the motion was actually filed 93 days after Movant's delivery to the Department of Corrections. Rule 44.01(a) is applicable to postconviction motions. *See Applewhite v. State,* 919 S.W.2d 283, 284 n. 5 (Mo.App.1996); *State v. Burch,* 778 S.W.2d 731, 744 (Mo.App.1989); *Ball v. State,* 775 S.W.2d 226, 227 (Mo.App.1989).