Terry **TURNER**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 52638.**

Missouri Court of Appeals,
Western District.

Dec. 24, 1996.

James C. Cox, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Elizabeth L. Ziegler, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and HOWARD and LAURA DENVIR STITH, JJ.

PER CURIAM.

Appellant Terry Turner appeals the motion court's ruling below denying his motion for post-conviction relief under Rule 24.035, following an evidentiary hearing. The motion court rejected Mr. Turner's claims both on the merits and on the basis that it was untimely filed more than 90 days after Mr. Turner had been physically delivered to the Department of Corrections. Mr. Turner appeals.

The facts adduced below demonstrate that Mr. Turner was delivered to the Department of Corrections on May 11, 1995, following sentencing on his guilty plea in the Circuit Court of Jackson County. He signed his *pro se* motion under Rule 24.035 on August 2, 1995, and mailed it on August 3, 1995. The motion was not file-stamped as received by the court until August 14, 1995. This was a few days outside the 90–day filing deadline set out in Rule 24.035.

The sole issue raised by Mr. Turner on appeal is that the 90 day time limit for filing a motion for post-conviction relief under Rule 24.035 violates Mr. Turner's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Sections 10 and 14 of the Missouri Constitution in that the time limits make no provision for late filing in the case of excusable neglect or neglect not attributable to the movant, such as Mr. Turner asserts he showed below.

In *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), the Missouri Supreme Court held that Missouri's time limits on filing post-conviction motions do not violate the due process clause. Since *Day,* the Missouri courts have repeatedly reaffirmed the validity of Rule 24.035's time limits, and in so doing have rejected the kind of policy arguments raised by Mr. Turner. *See, e.g., Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991); *Kilgore v. State,* 791 S.W.2d 393 (Mo. banc 1990); *McFarland v. State,* 876 S.W.2d 48, 49 (Mo. App.1994).

· Our courts have also repeatedly denied any attempt to engraft exceptions onto the 90–day filing deadline set out in Rule 24.035.

They have specifically rejected arguments that the timeliness of a Rule 24.035 should be determined by when the movant mailed the motion rather than by when the motion was lodged in the circuit clerk's office. *See, e.g., Seward v. State,* 871 S.W.2d 16, 17 (Mo.App. 1993); *Vollmer v. State,* 775 S.W.2d 230, 231 (Mo.App.1989). The courts have also ruled that a motion which has been untimely filed should be dismissed, and that the motion court should not reach the merits of the motion. *McFarland,* 876 S.W.2d at 49–50.

Application of the above rules requires dismissal of Mr. Turner's motion inasmuch as it was admittedly not timely received by the circuit clerk's office. We therefore do not reach the merits of the assertions in his motion, and the court below should not have done so either. It thus erred in denying the motion on the merits, when it should have simply dismissed the motion as untimely filed. *Id.*

Accordingly, the order below denying Mr. Turner's motion on the merits is vacated and the case is remanded to the motion court for entry of an order dismissing the motion under Rule 24.035 on the basis that it was not timely filed.