EDWIN H. SMITH, Presiding Judge.
Daniel A. Hall appeals from the denial of his Rule 24.035[1] motion after an evidentia-ry hearing. The appellant pled guilty, pursuant to a plea agreement, in the Circuit Court of Platte County, Missouri, before the Honorable Ward B. Stuckey, to one count of forcible sodomy, § 566.060.[2] In accordance with the plea agreement, the appellant was sentenced to ten years imprisonment in the Missouri Division of Adult Institutions and received a suspended execution of sentence and five years probation.
In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 24.035 motion because he was denied effective assistance of counsel, rendering his guilty plea involuntary, in that his plea counsel, prior to his plea, failed to adequately inform him of his rights and the facts surrounding the charges against him.
We dismiss for a lack of jurisdiction.
Facts
On August 2, 1994, the appellant was charged by information in the Circuit Court of Platte County with one count of forcible sodomy, § 566.060. On August 4, 1994, he appeared before the Honorable Ward B. Stuckey and, pursuant to a plea agreement, entered a plea of guilty. He *897 was sentenced to ten years imprisonment in the Missouri Division of Adult Institutions and received a suspended execution of sentence and five years probation.
On May 1, 1997, the appellant’s probation was revoked and his suspended sentence ordered executed. The trial court retained jurisdiction, pursuant to § 559.115, to grant probation within 120 days after his delivery to the department of corrections. At the May 1, 1997, probation revocation hearing, the appellant was informed of his right to challenge his conviction and sentence pursuant to Rule 24.035, but he did not file a Rule 24.035 motion at that time. At some point thereafter, the appellant was released from custody. However, on December 18, 1997, the appellant again violated his probation. As a result, his probation was again revoked and his sentence ordered executed. Accordingly, the appellant was delivered to the custody of the department of corrections on December 30,1997.
On February 2, 1998, the appellant filed his pro se Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. In his motion, he alleged that he had been delivered to the department of corrections on December 30, 1997. An amended motion was filed by appointed counsel on April 14, 1998. In both his pro se and amended motions, the appellant alleged that he had received ineffective assistance of counsel, rendering his guilty plea involuntary.
An evidentiary hearing on the appellant’s motion was held on June 24, 1998. In its “Findings of Fact, Conclusions of Law, Order and Judgment,” the motion court found that the appellant had timely filed his pro se and amended motions. The motion court further found that the appellant had failed to meet his burden of showing that he had received ineffective assistance of counsel. As such, the motion court denied the appellant’s motion on July 9,1998.
This appeal follows.
Discussion
Before we can discuss the merits of the appellant’s appeal, we must address the contention of the State that we are without jurisdiction to hear his appeal. In this respect, the State contends that the appellant’s Rule 24.035 motion was not timely filed, and thus, the trial court was without jurisdiction to hear the appellant’s motion and should have dismissed it as being untimely. As such, the State contends that this court is without jurisdiction to hear the appellant’s appeal. In his brief, the appellant concedes that his pro se motion was not timely filed. And, although the State raises this issue for the first time on appeal and the trial court found the motion to be timely, this issue is jurisdictional and must be addressed on appeal. Marschke v. State, 946 S.W.2d 10, 11 (Mo.App.1997).
Rule 24.035 governs postconviction motions for relief from a conviction and sentence and provides, in pertinent part, as follows:
[T]he motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.
The time limits contained in Rule 24.035 are constitutionally valid and are mandatory by their terms. Marschke, 946 S.W.2d at 12. These limits are to be strictly enforced and may not be extended. Reynolds v. State, 939 S.W.2d 451, 453 (Mo.App.1996). Further, the law is well-settled that the limitations start to run upon a movant’s initial delivery to the custody of the department of corrections, even if he or she is later granted probation. McFarland v. State, 876 S.W.2d 48, 49 (Mo.App.1994); Stegmaier v. State, 863 S.W.2d 924, *898 927 (Mo.App.1993); Partridge v. State, 848 S.W.2d 550, 551 (Mo.App.1993).
In the case at bar, the appellant was initially sentenced to a suspended term of ten years imprisonment and five years probation. On May 1, 1997, his probation was revoked and his sentence was ordered executed, subject to a 120-day callback. Although the record does not reveal the exact date of his delivery to the department of corrections, it is reasonable to conclude from the record that it occurred sometime shortly after May 1,1997. However, the appellant did not file his Rule 24.035 motion until February 2, 1998, after he was incarcerated following his second probation revocation, approximately nine months after he was initially delivered into the custody of the department of corrections. As such, the appellant’s Rule 24.035 motion was untimely, McFarland, 876 S.W.2d at 49, as he admits in his brief. Because he failed to timely file his Rule 24.035 motion, he waived any right to proceed under the rule. Rule 24.035(b).
Although the motion court here ultimately denied the appellant’s motion on the merits, it erred in considering the motion at all. Because the motion was untimely, the trial court did not have jurisdiction to consider it and should have dismissed it. McFarland, 876 S.W.2d at 50. Further, because the trial court lacked jurisdiction to consider the appellant’s motion, this court likewise lacks jurisdiction, requiring us to dismiss his appeal. Partridge, 848 S.W.2d at 551.
Conclusion
For the reasons stated, we dismiss this appeal for a lack of jurisdiction and remand the cause to the motion court with directions to enter its order dismissing the appellant’s Rule 24.035 motion as being untimely filed.
All concur.

. All rule references are to the Missouri Rules of Criminal Procedure.

. All statutory references are to RSMo 1994, unless otherwise indicated.