

# Missouri Court of Appeals

## Southern District

## Division Two

CARL LEE JACKSON,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　Appellant,　　　　　　　　）　　　No. SD36953
　　　　　　　　　　　　　　　　　）
vs.　　　　　　　　　　　　　　　）　　**Filed:　February 25, 2022**
　　　　　　　　　　　　　　　　　）
STATE OF MISSOURI,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　Respondent.　　　　　　　）

### APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

### Honorable Judge Gregory Stremel

### VACATED AND REMANDED FOR DISMISSAL

Carl Lee Jackson ("Jackson") appeals the motion court's denial of his amended Rule

29.15 motion for post-conviction relief.[1]  In a single point, Jackson argues trial counsel was

ineffective.  However, we do not reach the merits because Jackson failed to plead and prove that

his *pro se* Rule 29.15 motion ("*pro se* motion") was timely filed.  The motion court's judgment is

vacated, and the motion court is directed to dismiss the case.

### Standard of Review

When an appellate court reviews a motion for postconviction relief, such
review "is limited to a determination of whether the motion court's findings and
conclusions are clearly erroneous." *Eastburn v. State, 400 S.W.3d 770, 773 (Mo.
banc 2013).*  The motion court's findings and conclusions are clearly erroneous

---

[1] All rule references are to Missouri Court Rules (2017).  In 2016, Jackson was found guilty of murder in
the first degree, armed criminal action, and burglary in the first degree by a jury and sentenced for those
crimes.  He appealed his judgment in that case.  Defendant's direct appeal is ***State v. Jackson***, 523
S.W.3d 46 (Mo. App. S.D. 2017), and we refer to that case as "the direct appeal."

only "if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Id.* The filing deadlines for postconviction relief "are mandatory, and cannot be waived." *Cox v. State, 445 S.W.3d 131, 134 (Mo. App. 2014).* When a motion for postconviction relief is filed untimely, "the motion court should not reach the merits of the motion." *Turner v. State, 935 S.W.2d 393, 394 (Mo. App. 1996).*

*Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018).

## Background

This is a convoluted tale of two cases—a voluntarily dismissed post-conviction case filed too early and an adjudicated post-conviction case filed too late. While Jackson's direct appeal was pending in 2016, Jackson prematurely filed a *pro se* Rule 29.15 motion seeking post-conviction relief ("PCR Case 1").[2] The motion court in PCR Case 1 appointed counsel, Stephen Harris ("Harris"), to represent Jackson. Harris filed a letter advising the motion court that the *pro se* motion was premature because a mandate had not been issued in the direct appeal. The letter "suggest[ed] the [c]ourt either stay the proceeding pending the outcome of [Jackson's] direst [sic] appeal or dismiss [it] without prejudice allowing [Jackson] to refile at the appropriate time if necessary." Pursuant to Jackson's request, PCR Case 1 was dismissed without prejudice.

On July 17, 2017, this Court issued its mandate affirming Jackson's convictions in the direct appeal. Jackson's deadline for filing his *pro se* motion was Monday, October 16, 2017. *See* Rules 29.15(b) and 44.01(a). On November 17, 2017, Jackson filed his *pro se* motion ("PCR Case 2").[3]

On February 11, 2019, over two years after PCR Case 1 was dismissed, Susan Faust ("Faust"), Jackson's appointed attorney in PCR Case 2, filed a "Motion to Set Aside Order of Dismissal" in PCR Case 1. The motion court granted the motion to set aside the dismissal on

---

[2] PCR Case 1 was filed as Case No. 16MC-CV00782 in the motion court. Jackson's *pro se* motion was filed on August 16, 2016, and was dismissed on October 11, 2016.

[3] PCR Case 2, the case before us, was filed as Case No. 17MC-CV01004 in the motion court. The *pro se* motion is file stamped by the circuit clerk's office as received on November 17, 2017.

2

February 19, 2019, and consolidated PCR Case 1 with PCR Case 2.  On May 7, 2019, Faust filed Jackson's amended Rule 29.15 motion.

On February 18, 2020, the motion court held an evidentiary hearing on Jackson's post-conviction claims raised in the amended motion.  At the evidentiary hearing, Jackson presented no evidence that a third-party interfered with the timely filing of his *pro se* motion.  The trial court made no factual findings regarding the timeliness of Jackson's *pro se* motion.  Rather, the motion court decided the case on the merits and denied Jackson's claims of ineffective assistance of counsel.  Jackson appeals that judgment.

## Analysis

Jackson admits that his *pro se* motion in PCR Case 2, the case before this Court, was not timely filed and makes no argument that any recognized exception to the late filing of his *pro se* motion applies.  Instead, Jackson argues:

### Timeliness Statement

This Court affirmed [Jackson's] convictions in case SD34542 and issued its mandate on July 17, 2017 (LF 42).  See *State v. Jackson*, 523 S.W.3d 46 (Mo. banc 2017).[4] This would make [Jackson's] [*pro se* motion] due on October 15, 2017. [5] [Jackson] did not file his [*pro se* motion] until November 20, 2017, which at first glance means that his [*pro se* motion] was not timely filed.  However, [Jackson] originally filed his [*pro se* motion] prematurely in [PCR Case 1], which was dismissed without prejudice after [Jackson's] original attorney asked the motion court to either hold it in abeyance or dismiss the motion without prejudice (LF 53:4; 54; 56).  However, [Jackson's] post-conviction counsel also filed a motion to set aside that dismissal, which the motion court granted and consolidated with the underlying case (LF 53:5; 57).  Therefore, [Jackson] respectfully submits that his [*pro se* motion] was timely filed. Moreover, the Supreme Court of Missouri, in *McKay v. State*, 520 S.W.3d 782, 787 (Mo. banc 2017), specifically held that a premature [*pro se* motion] "should be held pending the time for filing of the post-conviction motion arises."  When Stephen Harris requested the original [*pro se* motion] be dismissed and then subsequently failed to file an amended motion, he had abandoned [Jackson]. Jackson's post-conviction counsel addressed this issue at the hearing and the motion court did make a finding of abandonment (Tr 5-6).  Therefore, this Court should consider [Jackson's] amended motion timely filed.

---

[4] The correct citation is ***State v. Jackson***, 523 S.W.3d 46 (Mo. App. S.D. 2017).
[5] October 15, 2017, was a Sunday, so Jackson's motion was actually due on October 16, 2017.  *See* Rule 44.01.

3

Where a movant appeals the judgment or sentence in his criminal case, the movant has 90 days from the date the appellate court issues its mandate affirming the judgment or sentence to file his *pro se* motion. Rule 29.15(b). "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." *Id.*

Because Rule 29.15's filing deadlines are mandatory and cannot be waived, the motion court and our Court each have a duty to enforce those mandatory time limits. *Robinson v. State*, 592 S.W.3d 406, 409 (Mo. App. S.D. 2020). This is true even when the State raises no objection to the late filing. *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014). While we remain "solicitous of post-conviction claims that present a genuine injustice," that interest must be balanced "against the policy of bringing finality to the criminal process." *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997).

To avoid dismissal, a movant bears the burden of *pleading and proving* by a preponderance of the evidence that the *pro se* motion was timely filed. *McNabb v. State*, 610 S.W.3d 368, 371 (Mo. App. S.D. 2020). Under Rule 29.15(b), a movant can meet this burden by demonstrating that he mailed his motion to the sentencing court by first-class United States Mail addressed correctly with sufficient postage and deposited on or before the last day for filing the motion. If a movant cannot demonstrate that his motion was timely, a *pro se* motion can be treated as timely if the movant establishes that the untimeliness was caused by the active interference of a third party beyond the inmate's control (the "active interference" exception). *Goldberg v. State*, 635 S.W.3d 599, 604 (Mo. App. E.D. 2021). This exception only applies when (1) an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed and (2) any tardiness results solely from the active interference of a third party beyond the inmate's control. *Id.* A second exception to the timeliness requirment of the *pro se* motion applies when the sentencing court "misinforms a defendant about the appropriate

4

deadlines to file his or her motion during the sentencing colloquy."[6] ***Watson v. State***, 520 S.W.3d 423, 429 (Mo. banc 2017).

Jackson's timeliness argument fails as a matter of law. He admits his *pro se* filing was not timely filed and does not argue that a third party actively interfered with the filing of his *pro se* motion or that the sentencing court misadvised him of the filing deadlines.[7] Rather, he claims the prematurely filed *pro se* motion of PCR Case 1 that was dismissed at his request, can be reinstated and make the filing in PCR Case 2 timely.

The Supreme Court of Missouri has not carved out an exception to Rule 29.15's mandatory deadlines based on the "reinstatement" of a voluntarily dismissed post-conviction case where the *pro se* motion was filed prematurely. Nor can a voluntarily dismissed case be reinstated.

While Rule 29.15 governs the procedure for post-conviction cases following trial, the rule is silent on the effect a voluntary dismissal has on the case. "The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable." Rule 29.15(a). In determining if a rule of civil procedure is applicable in the context of post-conviction review, the court must decide whether the rule enhances, conflicts with, or is of neutral consequence to the purposes of Rule 29.15. ***Mercer v. State***, 512 S.W.3d 748, 752 (Mo. banc 2017). If the rule conflicts with the purpose of post-conviction rules, the civil procedure rule does not apply. ***Id.*** But if the rule enhances or is of neutral consequence to the

---

[6] Abandonment is a recognized exception to Rule 29.15's mandatory deadline for the filing of the *amended motion* where appointed counsel fails to timely file the amended motion. ***Gittemeier v. State***, 527 S.W.3d 64, 69 (Mo. banc 2017). This exception does not excuse the late filing of a *pro se* motion in any context. ***McDaniel v. State***, 608 S.W.3d 763, 769 n.5 (Mo. App. S.D. 2020).

[7] We also point out that Jackson bore the burden to plead and prove that his *pro se* motion was timely filed. He presented no evidence at the motion hearing that any recognized exception to Rule 29.15's timeliness requirement applied. *See* ***Barnes v. State***, 160 S.W.3d 837, 839 (Mo. App. S.D. 2005) (acknowledging that an exception to the remand-for-failure-to-make-required-findings requirement exists where the motion court conducted a hearing on a post-conviction motion and *no substantial evidence was presented* to support the allegation upon which the court failed to make findings.) Thus, there are no credibility issues on timeliness for the motion court to decide.

purpose of post-conviction rules, the civil procedure rule applies. *Id.* The purpose of post-conviction rules are "to process prisoners' claims promptly, prevent the litigation of stale claims, and to ensure the legality of a sentence." *Id.* Here, the relevant rule for a voluntary dismissal is Rule 67.02. It provides, in relevant part, that "a civil action may be dismissed by the [movant] without order of the court anytime . . . prior to the introduction of evidence at the trial." Rule 67.02(a)(2). Because Rule 67.02 does not conflict with the purpose of the post-conviction relief rules, it applies where a movant voluntarily dismisses his case.

In the case before us, Jackson's counsel *requested* the motion court dismiss the case. Since Harris was Jackson's attorney, we treat his attorney's request as his own. *See **Price***, 422 S.W.3d at 302. Even assuming without deciding it was error to dismiss the case (which we do not find), Jackson invited such error and cannot fault the motion court for taking an action he asked the court to take. *See **Canania v. Director of Rev.***, 918 S.W.2d 310, 315 (Mo. App. S.D. 1996) ("A party cannot lead a trial court into error and then employ the error as a source of complaint on appeal.").

The next question becomes whether a voluntarily dismissed case can be reinstated and if so, whether the date of the filing of the *pro se* motion in that earlier case controls. The answer to this question is clear and fatal to Jackson's argument. Once a party voluntarily dismisses his action:

> nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. *The legal situation is as though the suit had never been brought.* No steps can be taken, and any step attempted in the dismissed suit is a nullity.

***Richman v. Coughlin***, 75 S.W.3d 334, 338 (Mo. App. W.D. 2002) (emphasis added) (quoting ***Samland v. J. White Transp. Co., Inc.***, 675 S.W.2d 92, 96 (Mo. App. W.D. 1984)). Upon the voluntary dismissal of PCR Case 1, the case ceased to exist and there was no action Jackson—or his attorneys— could take to reinstate it. Any later filings in PCR Case 1—such as an

6

order of reinstatement or a consolidation of the nonexistent case with PCR Case 2—would have been a nullity. For that reason, Jackson's argument for timeliness fails.

Finally, we acknowledge that the judgment of the motion court made no factual findings or conclusions of law related to timeliness or to whether an exception to timeliness applies. The motion court should have made such findings since Rule 29.15(j) requires the motion court to issue findings of fact and conclusions of law on *all* issues presented, whether or not a hearing is held. "However, Missouri courts recognize certain situations where remand is not required even though the motion court fails to address an issue and enter factual findings." ***Mitchell v. State***, 510 S.W.3d 366, 371 (Mo. App. E.D. 2017). A remand for finding of facts is not required where such an order would be useless on an isolated issue where it is clear the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand. ***Id.***

Here, it is clear that remand would be useless because Jackson's timeliness argument fails as a matter of law and he will suffer no prejudice by denying a remand. Jackson's timeliness argument is not a cognizable exception to Rule 29.15's timeliness requirements. He concedes that the *pro se* motion in PCR Case 2 was late and does not argue that any third party actively interfered with its filing or that the sentencing court misinformed him of the applicable deadlines for filing his motion. Because there are no disputed factual findings on this issue that would warrant treating the *pro se* motion as timely filed, a remand for factual findings on the issue of timeliness would serve no purpose.[8]

Jackson failed to demonstrate that his *pro se* motion was timely filed or that some recognized exception to the mandatory deadline applied. As a result, he has completely waived all post-conviction claims and his case must be dismissed.

---

[8] We do not address whether Jackson was abandoned by post-conviction counsel in failing to timely file an amended motion because Jackson never demonstrated that his *pro se* motion was timely filed.

7

## Conclusion

The judgment of the motion court is vacated, and the motion court is directed to dismiss PCR Case 2.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

GARY W. LYNCH, C.J. – CONCURS

DON E. BURRELL, J. -  CONCURS