Ross E. LEASURE, Appellant,

v.

STATE of Missouri, Respondent.

No. 17350.

Missouri Court of Appeals, Southern District, Division One.

Dec. 31, 1991.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, Ross E. Leasure, brings this appeal from an order denying relief in a proceeding under Rule 24.035.[1] Our disposition of the appeal is easier understood after a procedural history of the litigation.

By an amended information in case number CR288–3569FX in the Circuit Court of Camden County, appellant was charged with violating § 195.020, RSMo 1986, by possessing more than 35 grams of marijuana in his house on or about December 3, 1988.

Evidently, appellant was later charged in another Camden County case, CR289–539FX, with violating the same statute by possessing more than 35 grams of marijuana on or about December 3, 1988,[2] (the same date as the alleged offense in CR288–3569FX). Apparently, the marijuana on which CR289–539FX was based was in a truck owned by appellant. We glean this from comments of the prosecutor, quoted *infra.*

On March 17, 1989, appellant appeared in the Circuit Court of Camden County with lawyer Timothy Cisar on both cases. This dialogue occurred:

THE COURT: Mr. Cisar, do you represent the defendant on both, and can we consolidate these for purposes of the plea?

MR. CISAR: My client has authorized me to say yes to that.

Lawyer Cisar then announced appellant intended to plead guilty to both charges pursuant to a plea bargain.

The prosecutor announced the State recommended (a) appellant be sentenced to five years' confinement on each charge, the sentences to run consecutively, (b) execution of both sentences be suspended, and (c) appellant be placed on five years' supervised probation.

The trial court thereupon questioned appellant about sundry matters, then asked the prosecutor what the State's evidence would show. The prosecutor responded:

... the State's evidence would be that on December the 3rd, 1988, officers of the Camden County Sheriff's Department executed a search warrant at the residence of Ross Leasure located in Camden County, Missouri; and there in the residence, which was occupied by and I believe leased by Mr. Leasure, found

---

1. Rule references are to Missouri Rules of Court (1990).

2. No copy of the information in CR289–539FX appears in the record on appeal.

one cache of marijuana in the house or adjacent to the house, actually, which was well in excess of 35 grams and found a separate cache of marijuana in a 1959 chevrolet pickup truck owned by this defendant, and it's [sic] weight also far exceeded 35 grams. Various other drug paraphernalia was found at the Leasure residence along with the marijuana.

The trial court advised appellant of several rights he was abandoning by pleading guilty and asked appellant whether he was satisfied with lawyer Cisar's representation. Appellant stated he was. This colloquy ensued:

> MR. CISAR: Mr. Leasure, you and I have talked about the plea bargain that you are entering into today and the fact that there are two five-year consecutive terms; is that correct?
>
> THE DEFENDANT: Yes.

At the conclusion of the hearing, the trial court ordered a presentence investigation and deferred sentencing pending its completion.

Appellant reappeared in the trial court with lawyer Cisar May 5, 1989. The trial court imposed a five-year sentence in CR288–3569FX and a five-year sentence in CR289–539FX. Then, this:

> [THE COURT:] Those sentences to run consecutively, which means that they are stacked five and five for a total of ten years. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

The trial court then suspended execution of the sentences and placed appellant on five years' supervised probation.

The trial court's docket sheet in CR288–3569FX shows a violation report was filed November 28, 1989, and another violation report was filed December 29, 1989.[3] The docket sheet also shows appellant appeared in the trial court with lawyer Steven Lada January 12, 1990, for a probation violation hearing. Inferably, the hearing concerned not only CR288–3569FX, but also CR289–539FX.

The CR288–3569FX docket sheet shows the trial court (a) found appellant had committed several violations, (b) revoked probation, and (c) ordered the sentence executed.

The record on appeal contains a document captioned "Sentence and Judgment" in CR288–3569FX. It recites, among other things, that on January 12, 1990, the trial court commits appellant to the custody of the Department of Corrections for five years and grants 72 days credit. The document also states: "Said sentence to be served concurrent/consecutive with sentence imposed in N/A." The record on appeal contains no copy of a sentence and judgment in CR289–539FX.

On March 6, 1990, appellant commenced the instant proceeding by filing a pro se motion utilizing Criminal Procedure Form No. 40, pp. 189–92, Missouri Rules of Court (1990). Paragraph 3 of the motion read:

> The case number and the offense or offenses for which sentence was imposed
>
> CR–289–539–FX and CR–289–3569–FX [4]

One of the grounds for relief in the motion was:

> Error by the trial Court in sentencing of Defendant to two Five years [sic] sentences imposed by the Court to run consecutively.

The motion identified the lawyer who represented appellant when he pled guilty and received probation as Tim Cisar, and the lawyer who represented appellant at the probation violation hearing as Steven Lada.

The factual allegation in the motion pertinent to the above-quoted ground for relief was:

> I was told by my Attorney that I was to plea [sic] guilty and I would receive Five years on both charges and they would be run togeither [sic] for five years and I

---

3. No copy of the docket sheet in CR289–539FX appears in the record on appeal.

4. We assume appellant meant CR288–3569FX.

would receive probation from the Court. [sic] and be on probation for Five years.

The motion contained this prayer:

This petitioner ask [sic] this Honorable Court to find that the plea agreement was violated and the sentence should be corrected to read that case number CR–289–539–FX and CR–289–3569–FX [sic] to run Concurrent, with each other....

Nothing in the record indicates the prosecutor raised an issue about appellant attacking the judgment and sentence in *both* criminal cases in *one* post-conviction proceeding. We decline to consider the subject *sua sponte.*

The docket sheet in the instant case contains these entries:

3–15–90   Court determines deft to be indigent & appoints pub. def. Deft given 30 days to file amended motion. Clerk to advise pub. def., deft & P.A.

3–21–90   Application For Extension Of Time Within Which To File Amended Motions Under Rule 24.035/29.15 filed.

The next activity of record in the instant case was the filing of "Movant's First Amended Motion for Post Conviction [sic] Relief" on May 14, 1990. It was signed by S. Dean Price, identified as "Special District Defender." The document was neither verified nor signed by appellant. It alleged, in pertinent part:

A.   That in Case No. CR289–539FX, Movant was represented by Tim Cisar and was placed on probation pursuant to a plea of guilty;

B.   That he was also charged in CR289–3569FX [sic] with possession of over 35 grams of marijuana and was represented on that case by Steven Lada;

C.   That he understood that there was a plea bargain struck between his attorney, the probation officer and the state;

D.   That the plea bargain was that Mr. Leasure's probation would be revoked in CR289–539FX and he would receive a 5–year sentence, that he would also receive a 5–year sentence in CR289–3569FX [sic] and that the sentences would be run concurrent with one another;

E.   That the sentence imposed in the instant cases were imposed consecutive to one another, and therefore, was not what Movant bargained for.

The document prayed the convictions and sentences be set aside and that appellant "be granted a new trial."

The next relevant entry on the docket sheet in the instant case is:

12–13–90   Case called, Plaintiff by Atty Pope. Respondent by P.A. Icenogle. Respondent moves for order denying request for hearing and for Judgment for Respondent on the record of Prior Proceedings. Movant objects. Court sustains motion and orders no hearing held and orders Judgment dismissing motion on the record reviewed.

Appellant's brief presents one point relied on:

The trial court erred in summarily dismissing appellant's postconviction without an evidentiary hearing because the record displays that appointed counsel failed to act as contemplated under Rule 24.035 in that counsel filed an amended motion which was unverified, and therefore a nullity under Missouri postconviction procedure, and which merely restated the allegation contained in appellant's *pro se* motion. A remand is necessary to determine if appointed counsel abandoned appellant in filing such a defective motion and, if so, to reappoint counsel to confer with appellant and file a proper amended motion. Additionally, the court plainly erred in not granting partial postconviction relief by setting aside one count and five year sentence on felony possession of marijuana on the basis of double jeopardy, in that both counts of felony marijuana possession were based on one act of constructive possession, as drugs seized under search warrant in the house and in a truck constitute but one act of possession.

Obviously, the point raises two issues: abandonment of appellant by post-conviction counsel and double jeopardy. We address the abandonment issue first.

■ Not only was the amended motion authored by lawyer Price unverified and unsigned by appellant, it may also have been untimely. As noted earlier, appellant's pro se motion was filed March 6, 1990, the public defender was appointed to represent appellant March 15, 1990, and the docket entry that date gave appellant 30 days to file an amended motion. The 30–day allowance was unnecessary in that Rule 24.035(f) reads:

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. . . .

Under the above rule, appellant and his appointed counsel automatically had 30 days from March 15, 1990, to file an amended motion verified by appellant. The March 15, 1990, docket entry purporting to grant appellant 30 days to file an amended motion was therefore superfluous.

The docket sheet, as we have seen, indicates that on March 21, 1990, an application was filed for an extension of time within which to file an amended 24.035 motion. Nothing on the docket sheet demonstrates this application was granted, and the record on appeal contains no order allowing such extension. Consequently, there is no showing that appellant's deadline for filing an amended 24.035 motion was ever extended past April 16, 1990.[5] As reported earlier, the unverified amended motion prepared by lawyer Price was filed May 14, 1990, apparently out of time.

An attentive reader will have noticed the pro se motion and the amended motion are inharmonious. The pro se motion averred (and the record shows) appellant was represented in CR288–3569FX and CR289–539FX by lawyer Cisar when appellant pled guilty and later when he was sentenced and received probation. The amended motion averred appellant was represented in CR288–3569FX[6] by lawyer Lada. According to the record, lawyer Lada did not represent appellant in either case until appellant was accused of violating probation.

Additionally, the amended motion appears to allege a bargain between appellant, his lawyer, the prosecutor, *and the probation officer* that appellant's probation would be revoked in CR289–539FX and he would receive a five-year sentence, together with a five-year sentence in CR288–3569FX, the sentences to run concurrently. Nothing in appellant's pro se motion suggests there was a bargain for revocation of probation or that the probation officer was involved in any bargain.

Finally, the relief sought in appellant's pro se motion (changing the sentences so they would run concurrently) differed from the relief sought in the amended motion (vacating both convictions and sentences).

■ Inasmuch as the amended motion was neither verified nor signed by appellant, it was a nullity. *State v. Evans*, 802 S.W.2d 507, 515[20] (Mo. banc 1991).[7] Additionally, if (as appears from the record) the amended motion was untimely filed, all grounds for relief in it were time-barred and procedurally waived. *Sloan v. State*, 779 S.W.2d 580, 581–82[1] (Mo. banc 1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990).

In *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991)—decided after the motion court's order of dismissal in the instant case—the Supreme Court of Missouri addressed the issue of abandonment of a prisoner by his appointed counsel in a proceeding under Rule 29.15. The opinion stated a record that does not indicate whether appointed counsel made the determinations

---

**5.** Day number 30 following March 15, 1990, was April 14, 1990, a Saturday. Under Rules 24.-035(f) and 44.01(a), the deadline was automatically extended to April 16, 1990, a Monday.

**6.** Erroneously identified as CR289–3569FX in the pro se motion and amended motion.

**7.** *Evans* involved the verification requirement of Rule 29.15(f), which is identical to the verification requirement of Rule 24.035(f), quoted earlier.

required by Rule 29.15(e)[8] creates a presumption that counsel failed to comply with the rule. 807 S.W.2d at 498[3]. In such circumstances, the *motion court should inquire regarding the performances of the prisoner and counsel. Id.* at 498[5]. If the motion court determines counsel has failed to act through no fault of the prisoner, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary. *Id.* at 498[7].

In *Kaup v. State,* 812 S.W.2d 558, 559 (Mo.App.1991), a prisoner's appointed counsel in a 24.035 proceeding filed a timely but unverified amended motion. This Court stated the filing of a defective motion is tantamount to filing no motion and may constitute abandonment of the prisoner by counsel. 812 S.W.2d at 559. This Court reversed an order denying relief without an evidentiary hearing and remanded the cause to the motion court for a determination of whether appointed counsel performed as required by Rule 24.035(e).

■ Because the amended motion in the instant case was unverified and unsigned by appellant, and may also have been untimely, we hold, consistent with *Kaup,* that the motion court's order must be reversed and the case must be remanded for a *Luleff* hearing.

■ The State, citing *Pollard v. State,* 807 S.W.2d 498 (Mo. banc 1991), argues a *Luleff* remand is unnecessary in that the motion court generally considered the merits of appellant's claim.

We disagree. The absence of findings of fact and conclusions of law makes it impossible to determine whether the motion court considered the grounds for relief in the pro se motion or the discrepant grounds in the amended motion, or both. This, in turn, supplies a second reason for remand.

Rule 24.035(i) reads:

> The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held, within thirty days of the submission of the case....

The record supplied us contains no findings of fact or conclusions of law on any issue presented by appellant's pro se motion or the unverified (and perhaps untimely) amended motion. Consequently, we have no way to know whether the motion court treated the amended motion as valid or a nullity.

Furthermore, as noted earlier, (a) the formal judgment and sentence in CR288–3569FX does not order the five-year sentence in that case to be served consecutively to any other sentence, and (b) the record on appeal contains no copy of a formal judgment and sentence in CR289–539FX. As a result, we cannot determine whether a judgment has been entered in the latter case ordering the five-year sentence imposed in it to run consecutively to the sentence in CR288–3569FX. If no such judgment has been entered, appellant has no basis for complaint. Had the motion court entered findings of fact and conclusions of law, we might have been enlightened about the matter.

For the above reasons, the case must be remanded for findings of fact and conclusions of law. *Charles v. State,* 792 S.W.2d 59, 60 (Mo.App.1990).

The second complaint in appellant's point is that the motion court erred in not setting aside one conviction and five-year sentence "on the basis of double jeopardy." Appellant tacitly concedes this issue was not presented in the motion court.

■ Claims not presented to the motion court cannot be raised for the first time on appeal. *Amrine v. State,* 785 S.W.2d 531, 535[8] (Mo. banc 1990), *cert. denied,* — U.S. —, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990); *Grubbs v. State,* 760 S.W.2d 115,

---

8. The pertinent provisions of Rule 29.15(e) and Rule 24.035(e) are identical. They read: "... Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds...."

120 (Mo. banc 1988), *cert. denied,* 490 U.S. 1085, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989). Furthermore, in *Raaf v. State,* 793 S.W.2d 211, 212[4] (Mo.App.1990), we held a claim of double jeopardy which is not asserted before entry of a plea of guilty is waived. We adhere to that ruling.

The order denying relief is reversed and the cause is remanded to the motion court for a determination of whether appellant's counsel in this 24.035 proceeding performed as required by Rule 24.035(e). The motion court shall make findings on this issue. If the motion court finds appointed counsel did not perform as required by Rule 24.035(e) and the failure is not due to appellant's action or inaction, the motion court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion per Rule 24.035(f), and the cause shall proceed anew according to Rule 24.-035.

Whatever the outcome of the above hearing, the motion court shall also enter findings of fact and conclusions of law on all grounds for relief properly presented by appellant.

PREWITT, P.J., and PARRISH, J., concur.