David M. CHESNUT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46686.

Missouri Court of Appeals,
Western District.

May 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1993.

Application to Transfer Denied
Aug. 17, 1993.

---

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

PER CURIAM.

David Chesnut appeals from the denial of his Rule 24.035 motion for post-conviction relief. Chesnut contends that the motion court erred by denying his request for a second extension of time to file an amended motion, and by failing to investigate the motion counsel's failure to file an amended motion.

Reversed and remanded.

Chesnut pleaded guilty to one count of selling a controlled substance, section 195.-211, RSMo Supp.1992, and one count of possessing a controlled substance, section 195.202, RSMo Supp.1992. He was sentenced to concurrent prison terms of fourteen years and seven years, respectively.

Chesnut then filed a pro se Rule 24.035 motion and on April 24, 1992, the Office of the Public Defender was appointed to represent Chesnut in his cause of action. On May 19, 1992, the motion court granted Chesnut's request for an extension of the Rule's thirty-day filing deadline for an amended motion, setting a new filing deadline of June 23, 1992.

The trial court's docket sheets reflect that on June 16, 1992, one week before the extended deadline for filing the amended motion, Chesnut's motion counsel telephoned the court and asked about the transcript of the guilty plea proceedings, which he had not yet received. On June 18, 1992, the court informed Chesnut's counsel that the transcript was being mailed to him that day.

On June 19, 1992, Chesnut's motion counsel requested a second extension of the filing deadline because of the delay in receiving the transcript of the guilty plea proceedings. His request was denied by the motion court, which then sustained the State's motion for summary judgment on Chesnut's original pro se motion.

On appeal, Chesnut claims that the motion court erred by denying his request for a second extension of time to file an amended motion. However, the deadline for filing the amended motion is mandatory and cannot be extended by the motion court beyond the initial thirty-day extension provided by Rule 24.035(f). *Schone v. State*, 812 S.W.2d 539, 540 (Mo.App.1991). We cannot hold the motion court in error for failing to grant an extension which is impermissible.

Chesnut also claims that the motion court erred by denying his motion without determining whether his motion counsel complied with Rule 24.035(e) and the edicts of *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). The State concurs, and urges that "[i]f appellant was not at fault, the motion court should appoint new counsel for appellant and grant additional time, if necessary, for the filing of the amended motion."

The judgment is reversed and the cause remanded for the motion court to determine whether appointed counsel performed as required by Rule 24.035(e). If the court finds that Chesnut's motion counsel did not perform, and that the lack of performance was not the result of Chesnut's own action or inaction, then the court shall appoint new counsel allowing time, if necessary, to amend the motion as permitted under that Rule and the cause shall proceed according to that Rule. *Rios v. State*, 813 S.W.2d 366, 367–68 (Mo.App. 1991); *Luleff v. State*, 807 S.W.2d at 498.

All concur.