**Sherman PHILLIPS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19889.

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 1995.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Movant, Sherman Phillips, was charged with two crimes:

Count I: manufacturing with intent to deliver an imitation controlled substance, § 195.242, RSMo Cum.Supp.1992, a class D felony;

Count II: manufacturing a controlled substance, § 195.211, RSMo Cum.Supp. 1992, a class B felony.

Pursuant to a plea agreement, the prosecutor dismissed Count II, Movant pled guilty to Count I, and the court sentenced Movant to five years' imprisonment.

Movant filed a timely pro se motion to vacate the conviction per Rule 24.035.[1]

By an order filed March 18, 1994, the motion court appointed a lawyer ("motion counsel") for Movant per Rule 24.035(e). Under Rule 24.035(f), Movant had thirty days from that date to file an amended motion. The motion court granted an additional thirty

---

1. Rule references are to Missouri Rules of Criminal Procedure (1994).

days as permitted by Rule 24.035(f), extending the deadline to May 17, 1994.

An amended motion prepared by motion counsel was ultimately filed June 15, 1994.

The motion court denied the pro se motion and the amended motion without an evidentiary hearing.

Movant appeals. His lone point relied on asserts the motion court erred by issuing insufficient findings of fact and conclusions of law on all issues presented, thereby denying Movant meaningful appellate review.

■ We must first determine whether the amended motion was timely. If it was not, the grounds for relief pled in it were time barred and procedurally waived. *Leasure v. State,* 821 S.W.2d 884, 888[3] (Mo.App.S.D. 1991).

The facts pertinent to the timeliness issue are set forth in the following four paragraphs.

1. On May 13, 1994, motion counsel filed a "Motion for Further Extension of Time to File First Amended Motion." The reason for the request was: (a) motion counsel had asked the court reporter to prepare a transcript of the proceeding at which Movant pled guilty and was sentenced, (b) the court reporter had been delayed in doing so, and (c) motion counsel needed the transcript in order to "fully analyze the case" and prepare an amended motion to vacate.

2. The motion court granted the request, extending the deadline for filing the amended motion to "thirty ... days from the date of filing of the trial [sic] and sentencing transcripts." We henceforth refer to this as "the second extension."

3. The transcript of the guilty plea and sentencing proceeding was filed in the plea court May 24, 1994.

4. As reported earlier, motion counsel filed the amended motion to vacate June 15, 1994.

Movant's brief cites *State v. White,* 798 S.W.2d 694 (Mo. banc 1990), as authority for the second extension. *White* grants no such authority.

Unlike the instant case, the defendant in *White* was convicted in a jury trial and appealed that conviction. While the appeal was pending, he filed a motion to vacate the conviction per Rule 29.15. Counsel was appointed in the 29.15 action. Counsel filed an amended motion to vacate five and a half months later. Another eight months passed before the transcript of the jury trial was filed with the appellate court in the direct appeal.

Because Rule 29.15(b) provides that in such circumstances, the motion to vacate must be filed within thirty days after the filing of the transcript in the direct appeal, the Supreme Court in *White,* endeavoring to harmonize that rule with Rule 29.15(f), held the defendant had "at least thirty days (and possibly sixty days) after the time that both the trial transcript is filed and counsel is available to [him] before [his] amended motion is due." 798 S.W.2d at 696.

It is clear from Rule 29.15(a) that inasmuch as the instant case is a proceeding attacking a conviction resulting from a guilty plea, Rule 29.15 does not apply. It is equally clear from Rule 24.035(a) that the instant proceeding is governed by Rule 24.035.

Rule 24.035 has no provision comparable to the one in Rule 29.15(b) addressed in *White.* Rule 24.035 has only one provision establishing a deadline for commencing a proceeding under that rule. It is Rule 24.035(b), which provides that a prisoner must file his motion "within ninety days after [he] is delivered to the custody of the department of corrections."

Rule 24.035 has only one provision allowing an amended motion. It is Rule 24.035(f), mentioned earlier. It reads, in pertinent part:

"Any amended motion ... shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days."

■ A motion court has no authority to extend the deadline for filing an amended motion beyond the initial thirty-day exten-

sion allowed by Rule 24.035(f), above. *Chesnut v. State*, 857 S.W.2d 373, 374[1] (Mo.App. W.D.1993). Consequently, the second extension in the instant case was a nullity.

The only extension the motion court was authorized to grant was the one extending the deadline to May 17, 1994. Because the amended motion was not filed by that deadline, the grounds for relief pled in it were time barred and procedurally waived. *Leasure*, 821 S.W.2d at 888[3]. Accordingly, in determining whether the motion court issued sufficient findings of fact and conclusions of law on all issues presented, we consider only the grounds for relief pled in the pro se motion.

The pro se motion endeavors to set forth three grounds for relief. The allegations are amorphous, rambling, conclusional and argumentative.

The first ground, as we comprehend it, is that Movant's guilty plea was involuntary and unlawfully induced in that he was originally charged with only Count I; that Count II was added later; that the lawyer who represented him when he pled guilty ("plea counsel") led him to believe he could receive a heavier sentence if he did not plead guilty to Count I; and that there was insufficient evidence to convict him of either count in that he was only a visitor at the residence where the substances were seized.

We find only one place in the record where the motion court addressed the grounds for relief. It is a docket entry dated July 7, 1994, which reads:

> "Court reviews transcript and motion to vacate & first amended motion to vacate. Court finds movant is not entitled to an evidentiary hearing as the plea of guilty was made freely & voluntarily and transcript of plea is clear and concise, unambiguous & there are no factual disputes requiring evidentiary hearing. Accordingly, motion to vacate is denied."

■ There is no precise formula for findings and conclusions of a motion court in a postconviction proceeding; they are sufficient if they permit review of the judgment. *Robertson v. State*, 851 S.W.2d 74, 76[1] (Mo. App.S.D.1993). All that is required is that

the findings be sufficient for an appellate court to determine whether they are clearly erroneous. *Morgan v. State*, 852 S.W.2d 374, 375[4] (Mo.App.S.D.1993).

■ A plea of guilty to escape a greater penalty than might be assessed in a jury trial is not involuntary. *Goodloe v. State*, 486 S.W.2d 430, 432[6] (Mo.1972). Had Movant stood trial and been convicted of both counts, he could have been sentenced to fifteen years' imprisonment on Count II and five years' imprisonment on Count I. § 558.011.1(2) and (4), RSMo Cum.Supp. 1990. Having chosen to accept the certainty of lesser punishment rather than face the possibility of greater punishment, Movant cannot now obtain relief from his guilty plea by claiming it was involuntary. *Brady v. United States*, 397 U.S. 742, 750–51, 90 S.Ct. 1463, 1470[12], 25 L.Ed.2d 747 (1970).

Movant's contention that there was insufficient evidence to convict him of either count is refuted by the record. The only reasonable conclusion from the pro se motion is that the substances on which both counts were based were seized simultaneously by law enforcement officers at one site. The date of each crime is alleged to be May 6, 1993.

The transcript of Movant's guilty plea reflects that he admitted being "in a place where there was a lab set up" and producing an imitation controlled substance with intent to deliver it to one Bilderbach, expecting to receive money.

The prosecutor stated the search occurred May 6, 1993, yielding chemicals and a small amount of methamphetamine. The prosecutor added that Movant made a statement to a law enforcement officer "after being Mirandized."

The plea court asked Movant whether he disagreed with the prosecutor's statements. Movant replied, "No, sir."

Additionally, Movant presented to the plea court a two-page document captioned "Guilty Plea," signed and sworn to by Movant. The document confirmed that Movant, after being advised of his rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), made a voluntary statement to law enforcement officers concerning

the charge, and that he was pleading guilty of his "own free will" and because he was guilty.

■ We hold the record conclusively shows Movant is entitled to no relief on his first ground. That being so, no evidentiary hearing was required on that ground. *State v. McKee,* 856 S.W.2d 685, 693[16] (Mo.App. S.D.1993). Although the motion court's findings are nonspecific, its denial of relief on the first ground was not clearly erroneous. Consequently, remanding this case to the motion court for additional findings would be a useless act. *Trehan v. State,* 872 S.W.2d 156, 161[12] (Mo.App.S.D.1994).

The second ground for relief in the pro se motion is that Movant's arrest was unlawful because he was arrested by a "Reserve Deputy"; consequently, all physical evidence and statements "should not be allowed to stand as a basis to support a guilty plea."

■ The existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *Gilliland v. State,* 882 S.W.2d 322, 325[6] (Mo.App.S.D. 1994).

The plea court ascertained Movant understood his rights, including the presumption of innocence, burden of proof, right of confrontation and cross-examination, and right to trial by jury. Movant assured the plea court he had no complaint against any law enforcement official, and no one had tried to talk him into pleading guilty. The transcript includes this:

> "[Plea counsel]: The circumstances and the evidence here as indicated by State's disclosure, and, as I indicated, by testimony at preliminary hearing, does make a rather overwhelming case for conviction of the defendant. And, accordingly, the defendant wants to plead guilty, and take five years in lieu of possible greater penalty if we go to a jury trial on a further charge.
>
> THE COURT: On the charge that was dismissed, knowing that the Court could very well run these two consecutive?
>
> [Plea counsel]: Yes, sir."

Following that colloquy, Movant acknowledged he was completely satisfied with plea counsel's representation and expected to receive the five-year sentence.

We hold the transcript of Movant's guilty plea demonstrates the plea was voluntarily and understandingly made. Therefore, the existence of allegedly inadmissible evidence supplies no basis for postconviction relief. *Gilliland,* 882 S.W.2d at 325[6]. Because relief is unwarranted, the motion court's findings, though cryptic, are sufficient for us to determine that the denial of relief on the second ground was not clearly erroneous.

The final ground for relief in the pro se motion is that plea counsel rendered ineffective assistance in failing to inquire whether the State had "lab reports" upon which to base Count II. Movant avers plea counsel assured him such reports were available, but "upon getting his files [Movant] can find no such Lab Reports." Movant avows he pled guilty only because of plea counsel's assurance about the lab reports.

■ In a proceeding under Rule 24.035 attacking a guilty plea, a prisoner is entitled to an evidentiary hearing only if he alleges facts, not conclusions, which if true would warrant relief, and such allegations are unrefuted by the record. *Bilskey v. State,* 842 S.W.2d 891, 893 (Mo.App.S.D.1992).

■ The pro se motion does not allege the State had no lab reports regarding the substance on which Count II was based, nor does it accuse plea counsel of failing to see whether there was evidence that said substance was a controlled substance. Indeed, there is no averment in the pro se motion that the substance on which Count II was based was not a controlled substance. The pro se motion merely alleges Movant can find no lab reports in his files. What may or may not be in Movant's files is no basis for vacating his conviction.

Because the third ground's allegations, even if true, do not warrant relief, we are able to determine that the motion court's denial of relief on that ground was not clearly erroneous.

Accordingly, we reject Movant's assignment of error. However, this should not be

taken as an endorsement of the motion court's abbreviated findings. Such brevity may not always be sufficient for appellate review.

The order of the motion court denying relief is affirmed.

GARRISON, P.J., and PREWITT, J., concur.