Omar **RILEY**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 70248.

Missouri Court of Appeals, Eastern District, Division One.

April 29, 1997.

David C. Hemingway, Asst. Sp. Public Defender, St. Louis, for movant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

**22**

DOWD, Presiding Judge.

Omar Riley (Movant) filed a pro se, Rule 24.035 motion seeking to vacate three, concurrent twelve-year sentences for sale of crack cocaine, § 195.211, RSMo 1994,[1] and two counts of second-degree assault, § 565.060, because he was allegedly incompetent to enter a plea. Subsequently, the motion court assigned Movant an attorney, (Counsel) who filed a statement indicating that he had reviewed the case and determined that there was no need to amend the pro se motion. This statement was filed after the Rule 24.035 deadline for filing an amended motion and did not specify that Counsel had conferred with Movant or ascertained all grounds for relief known to him. The court below denied Movant's pro se motion without a hearing. Because the record shows no activity on Counsel's part within the time available to file an amended motion, we remand to the motion court solely for a determination of whether Movant was abandoned by Counsel.

On December 12, 1994, Movant pleaded guilty to sale of a controlled substance, crack cocaine, in violation of § 195.211. On March 3, 1995, Movant was sentenced to twelve years' imprisonment on this charge. On May 17, 1995, Movant pleaded guilty to two counts of second-degree assault, § 565.060; one count of third-degree assault, § 565.070; one count of misdemeanor resisting arrest, § 575.150; and one count of driving on a revoked license, § 302.321. He was sentenced as a prior and persistent offender to twelve years' imprisonment on both of the felony assault counts and one year on each of the misdemeanor counts. All of the new sentences were to be served concurrently with Movant's prior twelve-year sentence for sale of cocaine. Movant was delivered to the custody of the Department of Corrections on May 18, 1995.

On July 31, 1995, Movant filed a pro se Rule 24.035 motion seeking to vacate his three felony sentences. The motion in its entirety states:

I did not make a intelligent and knowing "Plea-of-guilty", I do not have Education or reading-skills, and I did not know what I was signing a (Plea). My attorney, knew or should have known, I could not read! and did not understand, what was going on ... (Ineffective assistance of Counsel). Sentencing Court abused its discretion by sentencing me to (Terms of twelve years, concurrently with 12–years). I have been mentally incompetent and have never learned to read or write. I was not aware of the Plea–Bargain in which I was told to sign. My Attorney, Sharon Turliten, she did not clearly explain to me what I was doing! or my rights to "Jury–Trial" or that I was legally, incompetent to Plead Guilty. I have only been felony convicted on both of these charges (Sale/Assault) that occurred due to my mental defect's and Drug, Abuse, useage,12/12–years!!! is a Harsh–Cruel–Sentence.

On August 4, 1995, the court appointed the Special Public Defender's Office to represent Movant. On August 16, 1995, Counsel entered his appearance on behalf of Movant. On November 21, 1995, the motion court wrote to Counsel and informed him that it had not formally heard from him since his entry of appearance. The court asked Counsel to indicate on the record whether he needed more time to file an amended motion or if he intended not to file an amended motion. On January 6, 1996, Counsel filed the following statement indicating that he would not amend Movant's pro se motion:

Comes now Clinton Wright, Assistant Special Public Defender and informs this Court pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo.banc 1991) and Rule 24.035(e) that upon review of the facts and pleadings in this case, the Special Public Defender has determined that no amended motion will be filed in the above styled cause.

■ The motion court considered Movant's pro se motion, found its allegations refuted by the record, and denied it without an evidentiary hearing. Movant now contends Counsel abandoned him and that pursuant to *Luleff v. State*, he is entitled to a hearing to prove this contention. 807 S.W.2d 495 (Mo.banc 1991). We agree.

---

1. All further statutory references are to RSMo 1994.

Rule 24.035(e) sets out the obligations for motion counsel that arise when a movant has filed a pro se Rule 24.035 motion. The version in effect in the instant case states:

Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

■ Movant claims that he is entitled to a hearing because it cannot be determined from the record whether Counsel fulfilled these obligations. A record that does not indicate whether appointed counsel made the determinations required by Rule 24.035(e) creates a presumption that counsel failed to comply with the rule. *Luleff*, 807 S.W.2d at 498. When the motion court proceeds to rule upon a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall inquire, sua sponte, into the performances of both movant and counsel. *Id.*

The State argues: 1) a *Luleff* inquiry is not appropriate because the record does show some activity by Counsel, and 2) Counsel's statement on the record adequately demonstrates his compliance with Rule 24.035(e). We find that a *Luleff* inquiry should have been conducted because the record shows no activity by Counsel within the allotted time to file an amended motion. The version of Rule 24.035(f) which is controlling in this case states in pertinent part:

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

■ Counsel was appointed in August 1995. His statement was not filed until January 1996. A motion court has no authority to extend the deadline for filing an amended motion beyond the single thirty-day extension allowed by Rule 24.035(f). *Phillips v. State*, 902 S.W.2d 318, 320 (Mo.App. S.D. 1995) citing *Chesnut v. State*, 857 S.W.2d 373, 374[1] (Mo.App. W.D.1993). Even if the court had chosen to grant the available thirty-day extension, any amended motion filed after sixty days would have been time barred. Counsel's actions taken on behalf of Movant after the deadline could not have conceivably aided Movant and cannot obviate the need for a *Luleff* inquiry.

■ The State has claimed that Counsel's failure to abide by the relevant time limitations is irrelevant because Movant suffered no prejudice as a result. The State claims that because Counsel correctly ascertained that there were no additional grounds and no cause to file an amended motion, Counsel's inaction did not harm Movant. Absent a showing that Counsel could or should have known of any ground not asserted in the motion, there is no requirement of reversal. *Backues v. State*, 794 S.W.2d 342, 344 (Mo. App. E.D.1990).

In his appeal, Movant articulates a potential ineffective assistance of counsel claim based on his trial attorney's failure to offer a psychological report asserting Movant's incompetence to stand trial. Movant also claims that his plea was induced by promises of incarceration in a special unit for offenders with mental problems. We do not weigh the merit of these claims, but only determine whether the claims are justiciable. See *Bruce v. State*, 796 S.W.2d 114, 115 (Mo.App. E.D.1990). We find that they are justiciable and therefore conclude that Movant was prejudiced by Counsel's lack of activity on his behalf.

We remand this case to the motion court for a hearing solely on Movant's claim of abandonment. If the motion court finds that Counsel did not perform as required by Rule 24.035 and the lack of performance was not the result of Movant's action or inaction, the

court shall appoint new counsel, allowing an amended motion to be filed.[2]

REINHARD and GARY M. GAERTNER, JJ., concur.

---

**2.** Movant's second point on appeal alleges that the motion court erred in denying his pro se motion claiming mental incompetence to enter a plea. This point is not ripe for our consideration as Movant may be entitled to amend the underlying motion. We therefore decline to address this point pending the outcome of the abandonment hearing.