Arnold Ray BEEDY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–05–00587–CR, 01–05–00601–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 27, 2006.

Joseph W. Varela, Houston, TX, David Bosserman, Assistant Criminal District Attorney, Angleton, TX, for Appellant.

Jeri Yenne, Criminal District Attorney, Angleton, TX, for Appellee.

Panel consists of Justices TAFT, HIGLEY, and BLAND.

## OPINION

TIM TAFT, Justice.

Appellant, Arnold Ray Beedy, pleaded guilty to two counts of indecency with a child by exposure and pleaded true to an enhancement paragraph alleging a prior conviction for sexual assault of a child. *See* TEX. PEN.CODE ANN. § 21.11 (Vernon 2003). The trial court assessed appellant's punishment at 12 years in prison on count I, deferred adjudication of guilt on count II, and ordered 10 years of community supervision to be served consecutively with the prison sentence. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.2005); TEX. PEN.CODE ANN. § 3.03 (Vernon Supp. 2005). We determine whether the trial court abused its discretion by ordering that appellant's deferred-adjudication community supervision run consecutively with his prison term. We modify the trial court's judgment by deleting that portion of the judgment requiring appellant's deferred-adjudication community supervision to begin after appellant's prison sentence is completed and by decreeing, instead, that the community supervision and prison term run concurrently. We affirm the trial court's judgment as modified.

### Factual Background

Appellant pleaded guilty, without a plea agreement, to two counts of indecency with a child by exposure, and pleaded true to an enhancement paragraph that alleged a prior conviction for sexual assault of a child. The trial court assessed punishment at 12

years in prison on count I. The trial court deferred adjudicating appellant's guilt on count II, placed him on community supervision for 10 years, and ordered the community supervision to begin after appellant had served his prison sentence on his count I conviction. Appellant did not object to the punishments assessed or to the court's cumulation of sentences.[1]

## Standard of Review

■■■ We review a complaint about consecutive sentences under an abuse-of-discretion standard. *See Harvey v. State,* 821 S.W.2d 389, 392 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). An abuse of discretion generally will be found only if (1) the trial court imposes consecutive sentences when the law requires concurrent sentences, (2) the trial court imposes concurrent sentences when the law requires consecutive ones, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State,* 56 S.W.3d 760, 765 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd).

## The Law

■■ Cumulative sentencing is permitted only as provided by statute. *See* Tex.Code Crim. Proc. Ann. art. 42.08; *see also* Tex. Pen.Code Ann. § 3.03; *Harvey,* 821 S.W.2d at 392. When a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction either (1) to begin to run after the judgment and sentence imposed in the preceding conviction has ceased to operate or (2) to run concurrently with the judgment and sentence imposed in the preceding conviction. *See* Tex.Code Crim. Proc. Ann. art. 42.08(a). Specifically, subsection (a) of ar-

ticle 42.08 of the Code of Criminal Procedure provides:

> When the same defendant has been *convicted* in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent *convictions* may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding *conviction* has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years, and the cumulative total of suspended sentences in misdemeanor cases shall not exceed the maximum period of confinement in jail applicable to the misdemeanor offenses, though in no event more than three years, including extensions of periods of community supervision under Section 22, Article 42.12, of this code, if none of the offenses are offenses under Chapter 49, Penal Code, or four years, including extensions, if any of the offenses are offenses under Chapter 49, Penal Code.

*Id.* (emphasis added).

If the convictions arise out of the "same criminal episode" and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses, including sex crimes against children, that arise out of the same criminal episode, in which case the trial court may exercise its discretion to cumulate or to stack the sentences. *See*

---

1. An improper cumulation order is a void sentence, and error may be raised at any time. *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App.1992).

TEX. PEN.CODE ANN. § 3.03. Specifically, section 3.03 provides:

(a) When the accused is found *guilty* of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found *guilty* of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a *conviction* of:

. . .

(2) an offense:

(A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section;

. . .

*Id.* (emphasis added). Indecency with a child under the age of 17 constitutes one of these specific offenses that removes the mandated concurrent sentencing. *See id;* TEX. PEN.CODE ANN. § 21.11.

Here, appellant's two offenses required the trial court to take both of these statutes into account to determine whether to stack the deferred-adjudication community supervision atop the prison-term punishment. Appellant pleaded guilty to two counts of indecency with a child under 17 and considered these counts arising out of the same criminal episode. The State argues that, under section 3.03 of the Penal Code and article 42.08 of the Code of Criminal Procedure, the trial court was not required to order concurrent sentences, but had the option of ordering that appellant's sentences be served either concurrently or consecutively.

To determine whether the trial court abused its discretion in this case, we must determine whether an order for deferred-adjudication community supervision is a "conviction" for purposes of the statutes authorizing cumulative sentences. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08 (using term conviction); TEX. PEN.CODE ANN. § 3.03 (using term conviction).

### Statutory Construction

#### A. Plain and Common Meaning

 When construing a Texas statute, our paramount task is to ascertain the Legislature's intent in enacting that provision. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). The starting point in analyzing the meaning of a statute is the language of the statute itself. *Brown v. State,* 943 S.W.2d 35, 36 (Tex.Crim.App. 1997). When a statute is clear and unambiguous, we apply the plain meaning of its words. *Ramos v. State,* 934 S.W.2d 358, 364 (Tex.Crim.App.1996); *Boykin,* 818 S.W.2d at 785; *see* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). We presume that the Legislature intended the plain meaning of the words that it used. *Boykin,* 818 S.W.2d at 785. We are to presume that every word in a statute has

been used for a purpose and that each word, phrase, clause, and sentence should be given effect. *Whitelaw v. State*, 29 S.W.3d 129, 131 (Tex.Crim.App.2000). Unless a statute is ambiguous, we abide by the clear language of the statute and enforce it as written. *See Griffith v. State*, 116 S.W.3d 782, 785 (Tex.Crim.App.2003). When interpreting a statute, we are required to interpret an unambiguous statute literally, unless doing so would lead to an absurd result. *Id.* Only when a literal reading of the statute leads to an absurd result will we resort to the use of extratextual factors to determine legislative intent. *Id.*

"Conviction" is not defined in the Code of Criminal Procedure or the Penal Code. *See* Tex. Pen.Code Ann. § 1.07 (Vernon 2003); Tex.Code Crim. Proc. Ann. art. 3.01 (Vernon 2005). The Court of Criminal Appeals and our Court have addressed the meaning of the term "conviction" in a number of different settings, though not for purposes of the stacking statutes.[2] The Court of Criminal Appeals has also concluded, in *Ex parte Evans*, that it had most often "construed the term 'conviction' to mean a judgment of guilt and the as-

sessment of punishment." *Ex parte Evans*, 964 S.W.2d 643, 646–47 (Tex.Crim. App.1998).

That an adjudication of guilt must precede a final conviction has been clearly stated by the Court of Criminal Appeals. In *McNew v. State*, the Court of Criminal Appeals has also considered the meaning of "conviction" in relation to the deferred-adjudication statute. *Id.* 608 S.W.2d 166, 171 (Tex.Crim.App.1978). The court recognized that "a 'conviction,' regardless of the context in which it is used, *always* involves an adjudication of guilt."[3] *Id.* at 172. (emphasis added). Because the procedures for granting deferred adjudication do not involve an adjudication of guilt until after community supervision is revoked, if it is ever revoked, the Court of Criminal Appeals concluded that "it is clear that a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a 'conviction.'" *Id.* Simply put, whether examined in the context of the term's plain meaning or of its common usage, there can be no "final conviction" without an adjudication of guilt. *See id.*

▬ Recently, in *Donovan v. State*, the Court of Criminal Appeals recognized that

---

2. *See Baehr v. State*, 615 S.W.2d 713, 716 (Tex.Crim.App.1981) (holding that deferred-adjudication order is not prior criminal record within meaning of Code of Criminal Procedure article 37.07, section 3(a), which allows into evidence after finding of guilty prior criminal records that are final convictions or probated or suspended sentences); *Morgan v. State*, 515 S.W.2d 278, 280 (Tex.Crim.App. 1974) (holding that "conviction," as used in article 37.07 of Code of Criminal Procedure, was "something more than a jury's verdict and assessment of punishment. No conviction, final or otherwise, has resulted until the trial court has entered judgment and sentenced the defendant, where sentences are required."); *Triplett v. State*, 686 S.W.2d 342, 345 (Tex.App.-Houston [1st Dist.] 1985, pet. ref'd) (holding that deferred-adjudication order inadmissible under Code of Criminal Procedure article 37.07, section 3(a) because not

final conviction); *Green v. State*, 663 S.W.2d 145, 146 (Tex.App.-Houston [1st Dist.] 1983, pet. ref'd) (holding that deferred-adjudication probation is not adjudication of guilt and is not equivalent of probation under article 38.29 of Code of Criminal Procedure (now rule 609); therefore, holding that it was error to admit evidence of defendant's deferred-adjudication status).

3. In the context of articles 42.03(1), 40.05, and 41.02 of the Code of Criminal Procedure, the Court of Criminal Appeals has held that "an adjudication of guilt does not amount to a 'conviction.' A conviction for the purposes of these statutes is an adjudication of guilt plus an assessment of punishment." *Woods v. State*, 532 S.W.2d 608, 610–11 (Tex.Crim.App. 1976); *Faurie v. State*, 528 S.W.2d 263, 265 (Tex.Crim.App.1975).

deferred adjudication is not a "conviction" because a defendant on deferred-adjudication community supervision has not been found guilty. *Id.*, 68 S.W.3d 633, 636–37 (Tex.Crim.App.2002). The court stated that "[t]hat is one of the signal benefits of deferred adjudication as opposed to, for instance, regular community supervision. When adjudication is deferred, there is no 'finding or verdict of guilt.' " *Id.* Section 5(a) of article 42.12 provides that placing a defendant on deferred adjudication is not an adjudication of guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2005). Because deferred adjudication does not include an adjudication of guilt, it is not a conviction for purposes of cumulative sentencing. *See McNew*, 608 S.W.2d at 171.

Nevertheless, the State argues that interpreting the plain meaning of the statutes to limit the definition of "conviction" to exclude deferred adjudication is improper. The State relies on *Pettigrew v. State* to support its argument that the Legislature intended to give the trial court the maximum flexibility possible in stacking sentences. *See id.*, 48 S.W.3d 769, 773 (Tex.Crim.App.2001). *Pettigrew* is distinguishable. In *Pettigrew*, the defendant *first* had been convicted of aggravated sexual assault and had been placed on post-conviction community supervision for 10 years. *Pettigrew*, 48 S.W.3d at 770. While serving his community supervision sentence, the defendant was convicted of murder and sentenced to 75 years in prison. *Id.* After the defendant's second conviction, the trial court revoked the defendant's community supervision and sentenced him to 10 additional years

in prison, to run consecutively after the 75–year sentence for murder. *Id.*

The issue in *Pettigrew* was whether the trial court could stack the defendant's punishment for a previous conviction on top of a sentence for a subsequent conviction. *Id.* at 770–71. There was no dispute that the trial court was authorized to stack the two sentences assessed; the only issue was which sentence could be stacked on the other. *See id.* at 775 (Johnson, J., dissenting). The Court of Criminal Appeals interpreted the language of article 42.08 to mean that "a case could be treated as a 'conviction' at the time the sentence is suspended or at the time the sentence is imposed." [4] *Id.* at 771. In *Pettigrew*, the court held that the Legislature intended both suspended and imposed sentences to be treated as "convictions" for the purpose of stacking in order to give the trial court the maximum flexibility possible in stacking sentences. *Id.*

*Pettigrew* concerned a conviction and assessment of punishment, followed by suspension of the conviction and imposition of community supervision, followed by revocation of community supervision and reinstatement of the original punishment, followed by stacking the sentence with another for which the defendant was convicted. Here, in contrast, the trial court has not convicted appellant of his count II offense; rather, the trial court deferred the proceedings without adjudicating guilt. In conclusion, the analysis in *Pettigrew* does not assist this Court because, in *Pettigrew*, the trial court revoked the defendant's community supervision, which had been imposed upon the suspension of his

---

4. The Court explained that "when community supervision is revoked, the trial court would have the discretion to treat the case as a conviction at the time of community supervision and stack a subsequently committed offense onto the revoked offense, or the trial court could treat the case as a conviction upon revocation and stack the revocation sentence onto the sentence for the new offense, if the revocation occurred after the conviction for the new offense." *Pettigrew*, 48 S.W.3d at 771.

sentence, then ordered the defendant's prison sentences to run consecutively, *i.e.* there had been an adjudication of guilt and thus two convictions.

Our conclusion is supported by *Hurley v. State,* in which the Dallas Court of Appeals held that stacking deferred-adjudication community supervision on top of a prison term is not permissible under Code of Criminal Procedure article 42.08 and Penal Code section 3.03 because a deferred-adjudication order is not a conviction. *See Hurley v. State,* 130 S.W.3d 501, 507 (Tex.App.-Dallas 2004, no pet.). The State contends that *Hurley* was wrongly decided because the term "conviction" has been defined to include deferred adjudication. *See id.* In *Hurley,* the defendant entered non-negotiated guilty pleas to the charges of indecency with a child under the age of 17 and aggravated sexual assault of a child under the age of 14. *Id.* The trial court found the defendant guilty of the first charge and assessed punishment at 15 years in prison. *Id.* The trial court deferred adjudicating the defendant's guilt on the second offense and placed the defendant on community supervision for 10 years, to begin after his prison term. *Id.* The Dallas Court of Appeals held that, because a deferred-adjudication order does not involve a "conviction," that order cannot be the subject of cumulative sentencing under Texas law. *Id.* at 503. For the reasons discussed above, we agree with the Dallas Court of Appeals's analysis in *Hurley. See id.*

**B. Absurd Result**

Alternatively, the State argues that the plain meaning of the statute, as we have interpreted it, leads to absurd results and contravenes public policy. Specifically, the State argues that "[t]here is no logical reason for the legislature to have intended to allow cumulation [sic] of sentences in [post-conviction community supervision] cases but not allow them in deferred-adjudication cases. There is no reason for a distinction between the two forms of community supervision."

We disagree that this result is so absurd that we must conclude that the Legislature did not mean what it plainly said. There is nothing inherently absurd about a statutory interpretation that results in the trial court's having discretion to stack a post-conviction community supervision order, but not a deferred-adjudication community supervision order, onto prison time.

**C. Other Factors**

When interpreting a statute, we consider the entire act, its nature and object, and the consequence that would follow from each construction. *Boykin,* 818 S.W.2d at 785. We must reject any statutory interpretation that defeats the legislative purpose. *Id.* Under the Code Construction Act, even when a statute is not ambiguous on its face, we may consider other factors to determine the Legislature's intent—factors including, but not limited to, (1) the object sought to be obtained; (2) the circumstances of the statute's enactment; (3) the legislative history; (4) the common law or former statutory provisions, including laws on the same or similar subjects; and (5) the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023(1)-(5) (Vernon 2005). We may also consider statutory provisions on the same or similar subjects. *Id.* § 312.008 (Vernon 2005). And, "[w]hen the same or a similar term is used in the same connection in different statutes, the term will be given the same meaning in one as in the other, unless there is something to indicate that a different meaning was intended." *Guthery v. Taylor,* 112 S.W.3d 715, 721–22 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

The State contends that *Hurley* was also wrongly decided because the term conviction has been liberally construed to include entry of a guilty plea. *See Hurley*, 130 S.W.3d at 506–07. The State specifically argues that, under Penal Code section 12.42, deferred adjudication for certain sex offenses can be used as a previous conviction for enhancement purposes and, therefore, that a similar definition should be applied under article 42.08 and section 3.03. *See* TEX. PEN.CODE ANN. § 12.42 (Vernon Supp.2005). Section 12.42(g) provides that a defendant has been previously convicted of an offense listed under subsection 12.42(c)(2)(B) if the defendant "was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication." *Id.* However, this subsection expressly applies only to section 12.42 of the Penal Code. *See* TEX. PEN.CODE ANN. § 12.42(g). Neither article 42.08 nor section 3.03 includes such a definition for the term "conviction." Moreover, that the Legislature felt the need expressly to include deferred adjudication within the definition of "conviction" in section 12.42 indicates the Legislature's understanding that the term "conviction" would not include deferred-adjudication orders unless the Legislature expressly provided to the contrary. The existence of such a definition in section 12.42, and the absence of the term from both of the cumulative-sentencing statutes, thus support the conclusion that a deferred-adjudication community supervision order is not a conviction for purposes of cumulative sentencing. *See Hurley*, 130 S.W.3d at 506–07.

The State also cites federal authority to demonstrate that courts have liberally construed the a similar definition "conviction." *See Garnica–Vasquez v. Reno*, 210 F.3d 558, 559 (5th Cir.2000) (stating that deferred adjudication is considered conviction for purposes of federal deportation statute); *U.S. v. Stauder*, 73 F.3d 56, 57 (5th Cir.1996) (stating that deferred adjudication is considered conviction in calculating base offense level for later conviction under federal sentencing guidelines). These cases were based on federal statutes and sentencing guidelines containing definitions of "conviction" that expressly include admissions of guilt without a formal conviction. Accordingly, considering the plain meaning of the Texas cumulative-sentencing statutes and case law, the federal authority cited by the State is not persuasive. *See Hurley*, 130 S.W.3d at 507.

The State further argues that the trial court should have the discretion to stack deferred-adjudication community supervision on a conviction because not allowing the trial court to do so would deprive appellant of "a chance to clean his record of one of the two charges if he successfully completes the deferred sentence." The State does not show how appellant does not have that opportunity when the deferred adjudication is concurrent.

■ We conclude that appellant's deferred-adjudication community supervision was not a conviction for purposes of article 42.08 and section 3.03(c). Accordingly, the trial court did not abuse its discretion in ordering the deferred-adjudication community supervision to begin after appellant served his prison sentence.

We sustain appellant's sole point of error.

### Remedy

Appellant requests that the judgment be reformed to delete that portion requiring his deferred-adjudication community supervision to begin after his prison sentence for count I. The State argues that if this Court holds that it was improper to stack appellant's deferred-adjudication community supervision on his prison sentence, then

the Court should remand the cause for a new punishment hearing on count II.

 The proper remedy for a void cumulation order is to reform the judgment to delete the cumulation order. *Robbins v. State*, 914 S.W.2d 582, 584 (Tex.Crim.App. 1996) (distinguishing *Ex parte Sims*, 868 S.W.2d 803 (Tex.Crim.App.1993), in which court remanded cause for new trial because consecutive sentences were part of negotiated plea bargain); *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App.1992). This disposition is appropriate because the decision to stack comes after the decision of to adjudicate or not to adjudicate guilt and to assess punishment if guilt is decreed. Although at first blush, it seems unlikely that a trial court would assess deferred-adjudication community supervision that could be served concurrently with prison time, it is possible that a trial court could take note of *Pettigrew* and assess deferred-adjudication community supervision with the possibility that it could be adjudicated and stacked at the slightest violation while the defendant is in prison in order to assure good behavior in prison.

Therefore, we modify the judgment to delete the cumulation order. *See Robbins v. State*, 914 S.W.2d at 584 & n. 1.

### Conclusion

We modify the trial court's judgment to delete that portion requiring appellant's deferred-adjudication community supervision to begin after appellant's prison sentence is completed and to decree, instead, that the community supervision and prison term run concurrently. We affirm the trial court's judgment as modified.