**Opinion filed August 10, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00170-CR

_____

## EX PARTE DANIEL RAY GARCIA

**Original Proceeding**

## M E M O R A N D U M  O P I N I O N

In this original proceeding, Daniel Ray Garcia filed a pro se application for writ of habeas corpus in which he seeks to challenge a cumulated sentence. Although Garcia has not provided any documents in support of his application, he represents (1) that on June 22, 2021, he was sentenced to life imprisonment in Case Number 19-5086 and has appealed that conviction to this court and (2) that on July 15, 2021, the trial court revoked his probation in Case Number 16-4669, sentenced him to ten years' imprisonment, and ordered that the sentence would run consecutively to the life sentence in Case Number 19-5086.

This court has no jurisdiction over Garcia's original application for writ of habeas corpus. This court's authority to exercise original jurisdiction is limited. *See*

TEX. CONST. art. V, §§ 5, 6 (providing that the Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals have only original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2020) (limited writ powers granted to the courts of appeals); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus).

However, a trial court's decision to cumulate sentences can be challenged in a direct appeal from the trial court's judgment. *See Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008) (addressing on appeal the appellant's complaint that the trial court erred when it ordered that sentences would run consecutively). Garcia represents that, on July 15, 2021, the trial court revoked Garcia's probation in Case Number 16-4669, sentenced Garcia to ten years' imprisonment, and ordered that the sentence be served consecutively to Garcia's life sentence in Case Number 19-5086. Therefore, Garcia's time period to file an appeal from the trial court's judgment in Case Number 16-4669 has not expired. *See* TEX. R. APP. P. 26.2(a) (notice of appeal in a criminal case must be filed by the defendant within thirty days after the day sentence is imposed or suspended in open court, or after the day that the trial court enters an appealable order, or within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial), 26.3 (the appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion for extension of time that complies with Rule 10.5(b)), 9.2 (providing for a ten-day grace period under the mailbox rule).

We dismiss this original proceeding for lack of jurisdiction.

PER CURIAM

August 10, 2021

Do not publish.  *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.