

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00402-CR

PAULA FAYE NETTER                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                         STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]
## AND
## ORDER OF ABATEMENT

----------

### Procedural Background

Appellant Paula Faye Netter was indicted in August 2009 for theft by check of property valued at more than $1,500 but less than $20,000, which was enhanced by a prior conviction to a third-degree felony. Appellant posted an

---

[1]*See* Tex. R. App. P. 47.4.

appearance bond in that case and subsequently failed to appear on August 17, 2010. Her bond was forfeited and an indictment was returned on August 19, 2010, charging Appellant with bail jumping that was enhanced by an out-of-state prior conviction to a second-degree felony.

On May 4, 2012, Appellant entered an open plea of guilty in both cases and pled true to the enhancement paragraphs in each indictment. A presentence investigation report was ordered in each case, and, upon completion, a sentencing hearing commenced on July 6, 2012. The sentencing hearing was continued on August 13, 2012, at which time the trial court found Appellant guilty of theft as alleged, found the enhancement paragraph true, and set her sentence at three years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court found the enhancement paragraph in the bail jumping case to be true, deferred a finding of guilt on the charge of bail jumping, and placed Appellant on ten years' community supervision.

After sentencing Appellant, the trial court concluded with the following remarks:

> THE COURT: So the bottom line is this. You're going to go to the penitentiary, and then you're going to come back, and you're going to be on probation. And the State's going to make you pay back all of the checks that you're on probation for. And if you don't, I can send you back to the penitentiary for 20 years, and that's what I'll do.
>
> You have the right to appeal my decision. You do so by giving written notice of appeal to the Second Court of Appeals here in Fort Worth within 30 days of today's date if you wish to appeal. If

you cannot afford a lawyer, I will appoint a lawyer to represent you on appeal.

. . . .

And from the State I need a restitution amount to be included in the conditions of probation in the bail jumping case. I want all of the restitution amounts from the checks as well as if there's any restitution amounts owed in the bail jumping case to the bail bondsman. I want those included in the conditions of probation.

Anything else on behalf of the State?

[THE STATE]: Nothing further, Your Honor.

THE COURT: On behalf of the Defense?

[DEFENSE COUNSEL]: Nothing further, Your Honor.

Thereafter, the trial judge signed an order of deferred adjudication in the bail jumping case, placing Appellant on 10 years' community supervision and ordering restitution of $20,803.79; a separate document entitled "conditions of community supervision" also specifically ordering Appellant to pay restitution in the amount of $20,803.79 at the rate of $300.00 per month. At the bottom of that document, Appellant signed on a line next to and below a statement that reads, "I have received my conditions of community supervision."

Appellant timely filed a notice of appeal in each case. On November 19, 2012, Appellant filed a motion in this court to dismiss the appeal in the theft case, which was granted on December 21, 2012.

**Analysis**

In the first of three issues on appeal, Appellant asserts that this court should reform the order of deferred adjudication and the conditions of community supervision to delete the restitution ordered because the trial judge did not orally pronounce the amount of restitution when imposing sentence. While article 42.03, section 1(a) of the Texas Code of Criminal Procedure requires that the "sentence shall be pronounced in the defendant's presence," Tex Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2012), there is no sentence imposed when an accused receives deferred adjudication. *See Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) ("[W]hile community supervision is part of the judgment, it is not part of the 'sentence,' as those terms are defined in the Code of Criminal Procedure."), *cert. denied*, 529 U.S. 1088 (2000); *Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.).

Appellant acknowledges that in a comparable case, *Mathison v. State*, our sister court held that restitution as a condition of community supervision is not a sentence that must be orally pronounced. No. 08-10-00098-CR, 2012 WL 248002, at *2–3 (Tex. App.—El Paso Jan. 25, 2012, no pet.) (not designated for publication).[2] When an accused receives deferred adjudication, he is not

---

[2]Appellant argues that *Mathison* is factually distinguishable from Appellant's case and we recognize that to be true. Those factual distinctions do not affect the analysis that leads to the same result.

convicted and no sentence is imposed. *See Beedy v. State*, 194 S.W.3d 595, 599–600 (Tex. App.—Houston [1st Dist.] 2006), *aff'd on other grounds*, 250 S.W.3d 107 (Tex. Crim. App. 2008). Because restitution is simply a condition of community supervision, the trial court did not err by failing to pronounce the amount orally in Appellant's presence*. See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). We overrule Appellant's first issue.

In the two remaining issues, Appellant argues that the amount of restitution ordered to be paid as a term and condition of community supervision in the bail jumping case appears to improperly include restitution for checks from the theft case for which she was sentenced to prison; however, on the record, it is not possible to determine that to be true. Appellant contends this court should either delete the restitution amount in its entirety as improper or remand the case to the trial court for a hearing to determine the proper amount of restitution for the bail jumping offense.

First, we dispense with two of the State's responsive arguments. It is the State's position that "Appellant agreed to this restitution condition. Therefore, she has nothing to complain about." The State expounds on its agreement argument by stating "Appellant acquiesced to and approved of these conditions, including the restitution order." Since the State does not contest that the amount was not pronounced orally in Appellant's presence, we must assume that these proclamations are based on Appellant's signature on the document listing her community-supervision terms acknowledging she "received" her conditions of

5

probation. Nowhere in the document does it state that she agrees to the restitution amount, and the State does not cite to any other evidence of acquiescence or approval. The record discredits the State's argument that Appellant agreed that $20,803.79 was a proper amount of restitution for the bail jumping offense or that she acquiesced to pay it.

The State recognizes Appellant's challenge to the authority of the trial court to order restitution for the theft case as a term of community supervision in the bail jumping case and responds by arguing waiver for failure to raise the issue with the trial court. Yet, the State refuses to recognize that Appellant also challenged the evidentiary basis of that restitution order when it states in its brief that "[Appellant's] problem with the restitution order is not its lack of evidentiary sufficiency (though she gives lip service to that concept); she disputes the authority of the trial court to even order such a thing." In Appellant's opening brief, she explicitly contends that "[t]he record in this case does not support the amount of restitution ordered." The issue concerning the evidentiary sufficiency for the restitution amount has been adequately raised. *See* Tex. R. App. P. 38.1(i), 38.9.

At sentencing, the trial court made clear its intention to require Appellant to pay restitution for both the theft case, for which she was sentenced to prison, and the bail jumping case, for which she was placed on community supervision. The trial judge made his position easy to follow through his comments at sentencing:

6

[THE TRIAL JUDGE]:  So the bottom line is this.  You're going to go to the penitentiary, and then you're going to come back, and you're going to be on probation.  And the State's going to make you pay back all of the checks that you're on probation for.[3]

. . . .

[THE TRIAL JUDGE]:  And from the State I need a restitution amount to be included in the conditions of probation in the bail jumping case.  I want all of the restitution amounts from the checks as well as if there's any restitution amounts owed in the bail jumping case to the bail bondsman.

It is uncontested that there was never any evidence presented as to how the $20,803.79 amount was calculated or what amounts pertaining to what case were included in that total.  In the bail jumping case, the trial court was authorized to order restitution.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 11(b) (West Supp. 2012).  We have no way of knowing if the amount ordered actually included amounts for the checks, as the trial judge directed, or not.  The record does not support the amount of restitution ordered because there is no evidence of how the trial court arrived at the amount ordered.  "The proper procedure where the amount of restitution ordered as a condition of community supervision is not supported by the record is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution."  *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980).  Because the record is incomplete, we cannot review Appellant's

---

[3]Appellant was not placed on probation for the theft case.

contention that the restitution amount includes restitution for the theft case, as argued in her second issue. We sustain Appellant's third issue.

## Conclusion

Having sustained Appellant's third issue, we abate this appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution for the bail jumping offense. *See* Tex. R. App. P. 44.4. The trial court shall conduct the appropriate hearing no later than 60 days from the date of this memorandum opinion and order. No later than 30 days from the date of the hearing, the trial court shall file a record of the hearing in this court. The record shall include a supplemental reporter's record and supplemental clerk's record. Upon our receipt of the supplemental record, the appeal of this cause shall be automatically reinstated without further order.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 25, 2013