

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00037-CR

———————————————

IFEANYICHUKWU OBI, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1658202D

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Ifeanyichukwu Obi pled guilty to engaging in organized criminal activity (Count One), theft of property greater than $300,000 (Count Two), money laundering greater than $300,000 (Count Three), and exploitation of the elderly (Counts Four and Five). The trial court accepted Obi's pleas, and following a trial on punishment, it convicted him and sentenced him to concurrent terms of twenty years' confinement for Counts One, Two, and Three; and it deferred finding him guilty and placed him on deferred adjudication community supervision for a period of ten years for Counts Four and Five.[1] Notably, the trial court's judgments and orders of deferred adjudication state that "Counts Four and Five shall begin when the judgment

---

[1]The trial court's oral pronouncement was somewhat unclear—particularly with respect to when the period of deferred adjudication community supervision was to begin. In this regard, the trial court stated:

> Okay. Upon your plea of guilty to Count[s] One, Two, and Three, I'm going to find you guilty, sentence you to 20 years in the penitentiary.
>
> On your plea of guilty to Counts Four and Five, I'm going to defer entering a finding of guilt and place you on probation for ten years. It is my hope that you don't have to do all ten years so that you can get out and I can supervise you.
>
> . . . .
>
> Upon your release [from prison], then you'll report - - if it's still within the ten-year period, you'll report to the adult probation office here in Tarrant County within 48 hours of your release to begin your conditions of probation.

and sentence rendered in Count[]s One, Two[,] and Three . . . shall have ceased to operate."

In his sole issue on appeal, Obi contends that the trial court erred by ordering the terms of deferred adjudication community supervision imposed in Counts Four and Five to run cumulatively to the prison sentences imposed in Counts One, Two, and Three. We agree. We thus will modify the trial court's judgments and orders of deferred adjudication (1) to delete the portions requiring Obi's deferred adjudication community supervision to begin after the completion of the prison sentences imposed in Counts One, Two, and Three and (2) to reflect that Obi's deferred adjudication community supervision is to run concurrently with the prison sentences imposed in Counts One, Two, and Three. We affirm the trial court's judgments and orders of deferred adjudication as modified.

## II. DISCUSSION

We review a trial court's decision to cumulate sentences for an abuse of discretion. *Isadore v. State*, No. 02-21-00198-CR, 2023 WL 3878448, at *7 (Tex. App.—Fort Worth June 8, 2023, pet. ref'd) (mem. op., not designated for publication); *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). A trial court abuses its discretion if it imposes cumulative sentences where the law requires concurrent sentences. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). A claim for improper cumulation may be raised for the

first time on appeal, and an improper cumulation order may be modified on appeal. *Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017).

Cumulative sentencing is permitted only as provided by statute. *Hamilton v. State*, No. 05-20-01119-CR, 2022 WL 2680611, at *1 (Tex. App.—Dallas July 12, 2022, no pet.) (mem. op., not designated for publication); *Bargas v. State*, 252 S.W.3d 876, 902 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Pursuant to Article 42.08(a) of the Texas Code of Criminal Procedure, when a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction to either (1) begin to run after the judgment and sentence imposed in the preceding conviction ceased to operate, or (2) run concurrently with the judgment and sentence imposed in the preceding conviction. Tex. Code Crim. Proc. Ann. art. 42.08(a). Pursuant to Section 3.03 of the Texas Penal Code, if the convictions arise out of the "same criminal episode" and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses and the trial court exercises its discretion to cumulate the sentences. *See* Tex. Penal Code Ann. § 3.03(a), (b).

Notably, an order of deferred adjudication community supervision may not be cumulated onto sentences for a conviction. *Hamilton*, 2022 WL 2680611, at *2 (citing *Hurley v. State*, 130 S.W.3d 501, 507 (Tex. App.—Dallas 2004, no pet.)). This is because an order of deferred adjudication community supervision does not include an adjudication of guilt and is thus not a "conviction" for purposes of Article 42.08(a)

4

and Section 3.03. *See Beedy v. State*, 194 S.W.3d 595, 602 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) ("We conclude that appellant's deferred[ ]adjudication community supervision was not a conviction for purposes of [A]rticle 42.08 and [S]ection 3.03."); *Hurley*, 130 S.W.3d at 507 ("We conclude Hurley's deferred adjudication was not a conviction or finding of guilt for purposes of [A]rticle 42.08 and [S]ection 3.03(b)."). Because the trial court's judgments and orders of deferred adjudication required that Obi's deferred adjudication community supervision run consecutively to his prison sentences, we hold that the trial court abused its discretion, and we sustain Obi's sole issue. *See Hurley*, 130 S.W.3d at 507 ("[T]he trial court abused its discretion in ordering the deferred adjudication to begin after Hurley served his sentence.").

## III. CONCLUSION

Having sustained Obi's sole issue, we now turn to the proper remedy. "The appropriate remedy for an unauthorized order cumulating sentences is to reform the judgment and delete the cumulation order." *Hamilton*, 2022 WL 2680611, at *2; *see Beedy*, 194 S.W.3d at 603. Accordingly, we modify the trial court's judgments and orders of deferred adjudication (1) to delete the portions requiring Obi's deferred adjudication community supervision to begin after the completion of the prison sentences imposed in Counts One, Two, and Three and (2) to reflect that Obi's deferred adjudication community supervision is to run concurrently with the prison sentences imposed in Counts One, Two, and Three. We affirm the trial court's

5

judgments and orders of deferred adjudication as modified.[2] *See Ross v. State*, No. 05-14-00014-CR, 2014 WL 7399314, at *2 (Tex. App.—Dallas Dec. 17, 2014, pet. ref'd) (mem. op., not designated for publication) ("[W]e modify the order to reflect that the period of deferred adjudication community supervision is to run concurrently with the sentence in the burglary case."); *Beedy*, 194 S.W.3d at 603 ("We modify the trial court's judgment to delete that portion requiring appellant's deferred[ ]adjudication

_____

[2]In its brief, the State likewise contends that the trial court's judgments and orders of deferred adjudication should be modified "to reflect [that] the deferred adjudication in [C]ounts [F]our and [F]ive are to run concurrently with [C]ounts [O]ne through [T]hree," although the State offers a different rationale for that desired result. The State contends that it is clear from the reporter's record of Obi's trial on punishment that the trial court "intended for all five sentences to run concurrently," and, thus, the judgments and orders of deferred adjudication contain "clerical errors, not judicial errors." We have reviewed the reporter's record of Obi's trial on punishment, and we find no such clarity regarding whether the trial court "intended for all five sentences to run concurrently." On the other hand, the judgments, the orders of deferred adjudication, and a certificate of proceedings signed by the trial court each indicate that the trial court intended for Obi's deferred adjudication community supervision to begin after his prison sentences have ceased. Generally, when there is a variation between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). But if the oral pronouncement is ambiguous—as it is here—the court's pronouncement and the written judgment should be read together in an effort to resolve the ambiguity. *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd); *see Sparks v. State*, No. 05-14-00629-CR, 2015 WL 2250242, at *2 (Tex. App.—Dallas May 12, 2015, no pet.) (mem. op., not designated for publication) (holding that although trial court mistakenly referenced wrong case in imposing first of appellant's two sentences, record as a whole showed trial court's intended sentences and resolved any ambiguity in court's oral pronouncement). Based on our review of the entire record, it appears that the trial court intended for Obi's deferred adjudication community supervision to begin after his prison sentences have ceased. In any event, we have modified the judgments and the orders of deferred adjudication as requested by both Obi and the State.

community supervision to begin after appellant's prison sentence is completed and to decree, instead, that the community supervision and prison term run concurrently."); *Hurley*, 130 S.W.3d at 507 ("We modify the trial court's order deferring adjudication of guilt to delete that portion requiring Hurley's deferred adjudication community supervision to begin after Hurley's sentence for indecency with a child ceases to operate."); *see also Beedy*, 194 S.W.3d at 603 ("Although at first blush, it seems unlikely that a trial court would assess deferred[ ]adjudication community supervision that could be served concurrently with prison time, it is possible that a trial court could . . . assess deferred[ ]adjudication community supervision with the possibility that it could be adjudicated and stacked at the slightest violation while the defendant is in prison in order to assure good behavior in prison.").

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 21, 2023